**Michael Cody MARTIN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–122–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 22, 2001.

Robert Albert Scardino, Scot R. Courtney, Scardino & Courtney, Houston, for appellant.

Tim Curry, Dist. Atty., Charles M. Mallin, Chief Appellate Asst. Dist. Atty., David M. Curl, Mitch Poe, James Evans, Asst. Dist. Attys., Fort Worth, for appellee.

PANEL B: DAY and LIVINGSTON, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION ON REMAND AND ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DAY, Justice.

We withdraw our opinion and judgment of November 16, 2000 and substitute the following in their place.

A jury convicted Michael Cody Martin of three counts of aggravated assault and two counts of deadly conduct. Punishment was assessed at eight years' confinement for each of the aggravated assault convictions and one year's confinement for each of the deadly conduct convictions.

In Martin's seventh point on appeal, he complains that the trial court erred by failing to sua sponte include an instruction in the punishment-phase jury charge on the burden of proof required for extraneous offenses. On original submission, we held that Martin failed to object to the absence of the instruction and that, absent a request, the trial court was not required to instruct the jury on the burden of proof for extraneous offenses. *Martin v. State*, No. 2–98–122–CR, slip op. at 16 (Tex. App.—Fort Worth August 26, 1999) (not designated for publication).

Regarding punishment-phase evidence, the code of criminal procedure provides:

evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to ... evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible....

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.2001). The fact finder may not consider this evidence in assessing punishment, however, unless satisfied beyond a reasonable doubt that the acts are attributable to the defendant. *Fields v. State*, 1 S.W.3d 687, 688 (Tex.Crim.App. 1999).

After we issued our original opinion in this case, the court of criminal appeals held that a reasonable doubt instruction regarding extraneous offense evidence is "law applicable to the case" and therefore must be given at punishment, even if not requested. *Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex.Crim.App.2000) (op. on reh'g). The court of criminal appeals granted Martin's petition for discretionary review on this issue, vacated our judgment, and remanded the cause to us for reconsideration of Martin's complaint in light of *Huizar*. *Martin v. State*, No. 300–00, slip op. at 2 (Tex.Crim.App. May 24, 2000) (not designated for publication).[1]

Martin's brief on the admission of extraneous offenses merely states:

During the State's case-in-chief several unadjudicated extraneous acts and reputation evidence were presented to the jury. All evidence presented at the guilt/innocence phase was re-urged by the state and as a matter of law for consideration by the jury in the punishment phase.

Based on these assertions, Martin contends the trial court should have included a reasonable-doubt instruction in the jury charge at punishment. Martin does not refer to any record references that would point us to any extraneous offense evidence and also does not mention a single extraneous offense to which the general statement in his brief refers. Accordingly, in our original opinion on remand, we held the point was waived due to inadequate briefing. *Martin v. State*, No. 2–98–122–

---

1. The court of criminal appeals refused to review Martin's remaining grounds, *id.*, slip op. at 2 n. 2, so the extraneous offense instruction is the only issue on remand.

CR, slip op. at 2 (Tex.App.—Fort Worth Nov.16, 2000) (not designated for publication, withdrawn); *see also* TEX.R.APP.P. 38.1(h) (requiring arguments in briefs to contain "appropriate citations to authorities and to the record"); *Torres v. State,* 979 S.W.2d 668, 671–72 (Tex.App.—San Antonio 1998, no pet.) (holding that appellate courts have no duty to search the record to find reversible error).

In his petition for discretionary review, Martin complains our opinion on remand failed to comply with the court of criminal appeals' remand order, in contravention of *Williams v. State,* 829 S.W.2d 216, 217–18 (Tex.Crim.App.1992), because it (1) disposed of the appeal by addressing an issue (waiver) outside the scope of the remand order and (2) "decided a matter not argued, not briefed and not raised on appeal by either side." Martin complains these errors are particularly egregious because we disposed of the case on waiver grounds after "informing appellant that additional briefing would not be permitted on remand."

We begin by noting that we did not refuse to allow additional briefing on remand, but simply stated in a letter to the parties that additional briefing was not requested. Further, the waiver issue was briefed in both the State's brief and Martin's reply brief. Thus, the situation in *Williams*—where an intermediate appellate court disposed of an issue on remand on a ground never raised or briefed by the parties—is not present here. 829 S.W.2d at 217 & n. 8.

Moreover, we question whether *Huizar* mandates a punishment-phase reasonable doubt instruction in this situation. At the punishment phase in the *Huizar* trial, the State introduced new evidence of extraneous offenses (sexual assault). *Huizar v. State,* 966 S.W.2d 702, 705 (Tex.App.—San Antonio 1998), *rev'd,* 12 S.W.3d 479 (2000).

We have reviewed the entire record from the punishment hearing in Martin's case, and no extraneous offense was introduced. Instead, the only evidence introduced at punishment was testimony from one of the victim's relatives about the impact of the offense on the victim's family and from Martin's character witnesses. During closing arguments, defense counsel emphasized the lack of extraneous offense evidence:

And let me tell you something else. In this phase of the trial, the State of Texas, the prosecution, can bring you witness after witness over every bad act that this kid has ever done in his life. If he let the air out of somebody's tires, you'd hear about it. If he spit on the sidewalk, you'd hear about it. If he mistreated some girl, you'd hear about it. If he smoked a joint, you'd hear about it. If he drank a beer, you'd hear about it. And you haven't heard anything.

Martin contends the State offered extraneous offense evidence during its case in chief at guilt-innocence and points out that, at the beginning of the punishment phase, the State asked the trial court to "bring forward all the evidence from the guilt/innocence portion of the case to the punishment case." We do not believe the State's cursory request, alone, can be construed as an "offering" of extraneous offense evidence at punishment under article 37.07, section 3(a).

■ In addition, we have reviewed the record from guilt-innocence, and it shows the State did not offer any extraneous offense evidence at that phase either. *Defense counsel* did introduce evidence of two or three bad acts that can best be characterized as same transaction contextual evi-

dence.[2] Martin was charged with intentionally or knowingly causing bodily injury to two different individuals by hitting them and the car one of them drove with weights that he threw from the back of a friend's pick-up truck. While cross-examining one of the State's witnesses, defense counsel brought out the fact that Martin had made an obscene gesture from the truck to a driver in another car. Later, while cross-examining one of Martin's co-defendants, defense counsel elicited testimony that Martin had thrown a weight through the window of a parked Cadillac before committing the charged offenses. After the State rested, Martin took the stand and admitted he had made the obscene gesture, had smashed the Cadillac window with the weight, and had thrown another weight at a moving car but had not hit it. Martin made these admissions voluntarily, during defense counsel's direct examination. The State merely cross-examined Martin about them. At punishment, the State did not ask the jury to increase Martin's punishment because of these bad acts.

Because no extraneous offense evidence was introduced at the punishment phase of trial, because the only extraneous offense evidence introduced at trial was same transaction contextual evidence elicited by the defense, and because the State did not rely on the extraneous offenses in its jury argument at punishment, we do not believe the trial court erred by failing to give a reasonable doubt instruction at punishment.

■ Even assuming, for argument's sake, that such an instruction was re-quired, Martin was not harmed by its omission. Because the requirement that evidence of extraneous offenses and other bad acts must be proven beyond a reasonable doubt is statutory, rather than constitutional, we review the erroneous failure to give a punishment-phase reasonable doubt instruction under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (op. on reh'g). *Huizar*, 12 S.W.3d at 484–85. Here, Martin did not object to the alleged error in the court's charge, so we must decide whether the error was so egregious and created such harm that he did not have a fair and impartial trial—in short, whether "egregious harm" has occurred. *Almanza*, 686 S.W.2d at 171; *see also* TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996).

■ In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Hutch*, 922 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Id.* at 171.

The court's punishment charge instructed the jury, in general terms, to decide the question of punishment "under all the law

---

**2.** At guilt-innocence, evidence of other crimes, wrongs, or acts is not admissible to prove a defendant acted in conformity with his character by committing the charged offense. TEX.R. EVID. 404(b). Same transaction contextual evidence is admissible as an exception to rule 404(b), however, where the bad acts or offenses are so intertwined or connected with the charged offense that their admission is necessary to the jury's understanding of the offense. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Crim.App.1993) (op. on reh'g); *Mayes v. State*, 816 S.W.2d 79, 86–87 n. 4 (Tex.Crim.App.1991).

and evidence in the case" and "all the evidence submitted to you under this charge." It was defense counsel, however, not the State, who reminded the jury that the court's punishment charge instructed the jury to consider all the evidence put on at trial, not just punishment-phase evidence.

Keeping in mind that the alleged charge error concerns the State's burden of proof, there can be little doubt of Martin's connection with the bad acts to which he voluntarily admitted at guilt-innocence. In addition, any consideration of those bad acts by the jury in assessing punishment was at least partially prompted by defense counsel's urging to "consider all of the evidence you heard in the trial, not just what you've heard in this second phase." Under these circumstances, it would be difficult to successfully contend that a reasonable doubt instruction would have made a difference in the jury's punishment verdict.[3]

If a reasonable doubt instruction was required in this situation, we hold the trial court's failure to give one did not cause Martin to receive an unfair and impartial trial. Accordingly, we overrule Martin's seventh point and affirm the trial court's judgment.

---

3. We do not infer that trial counsel's performance at any phase of the trial was deficient, but only note that the use of extraneous offense evidence was part of the defense's strategy rather than the State's.