Vernon Eugene MOORE, Appellant,

v.

The STATE of Texas, State.

No. 2–03–158–CR.

Court of Appeals of Texas,
Fort Worth.

April 28, 2005.

The Kearney Law Firm and Wm. Reagan Wynn, Fort Worth, TX, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Chief Appellate Division, and Anne Swenson, David M. Curl, Steven Jumes and James Renforth, Assistant District Attorneys for Tarrant County, Fort Worth, TX, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### INTRODUCTION

Vernon Eugene Moore appeals his conviction for felony assault causing bodily injury to a family member. In his sole point on appeal, he asserts that the trial court erred by failing to *sua sponte* instruct the jury at the punishment phase of the trial that they could consider only extraneous offenses proven beyond a reasonable doubt. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for assault causing bodily injury to his wife. In the indictment, the State asserted that Appellant had a prior conviction for assault causing bodily injury to a family member, and, in the habitual offender notice, that Appellant had been convicted for burglary of a habitation and assault causing bodily injury to a child. During the guilt/innocence phase of the trial, Appellant testified on direct examination that on the day and night he assaulted his wife, he had been drinking, driving drunk, and taking methamphetamine and marijuana. He also testified on direct examination that he had pleaded guilty and been convicted twice for escape, three times for theft over $20,000, twice for injury to a child, twice for assault, twice for failure to identify himself to a police officer, and once for burglary of a habitation. Further, on cross-examination, he testified that he had previously been convicted of assault causing bodily injury to a family member.

During the punishment phase of the trial, the State admitted into evidence three penitentiary packets. State's exhibit 6 is a pen packet for a 2001 conviction for burglary of a habitation. State's exhibit 7 is a pen packet for two separate 1990 convictions for intentionally and knowingly causing bodily injury to a child. These two exhibits were admitted to prove the allegations in the habitual offender notice in the indictment. State's exhibit 8 established that Appellant had three prior convictions for theft of property over $20,000. Appellant's attorney did not object to the admission of the pen packets. In the court's charge to the jury on punishment, the trial court instructed the jury that it could take into consideration all of the evidence admitted in the full trial. The trial court further instructed the jury of its choices concerning the range of punishment depending on whether the jury found beyond a reasonable doubt that Appellant had committed the offenses set out in the habitual offender notice: if it found beyond a reasonable doubt that Appellant was the same person who was convicted of the offenses set out in the habitual offender notice, the range of punishment would be twenty-five to ninety-nine years, but if it did not, the range of punishment would be two to ten years.

Appellant does not complain about his assault conviction but instead attacks his thirty-five year sentence. In his sole point on appeal, Appellant asserts that article 37.07, section 3(a) of the code of criminal procedure requires the trial court to instruct the jury that the State has the burden to prove extraneous offenses beyond a reasonable doubt before those extraneous offenses can be considered as evidence at punishment, and that the trial court erred by failing to so instruct the jury at the punishment phase of his trial.

## EXTRANEOUS OFFENSE EVIDENCE

### Prior Criminal Record

■ Article 37.03, section 3 provides, Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to *the prior criminal record of the defendant,* his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, *any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant* or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp.2004–05) (emphasis added).

The Texas Court of Criminal Appeals recently addressed whether a beyond-a-reasonable-doubt instruction is required for prior convictions introduced at punishment. In *Bluitt v. State,* the court held that the trial court need not give a beyond-a-reasonable-doubt instruction concerning extraneous offenses when those offenses resulted in either a final conviction, probation, or deferred adjudication. 137 S.W.3d 51, 54 (Tex.Crim.App.2004). The court of criminal appeals stated,

> While the prior convictions must be properly proved, to require that prior convictions be re-proved beyond a reasonable doubt would be an absurd result, as the very fact of conviction is evidence that the burden of proving guilt beyond a reasonable doubt has already been met in a prior proceeding. The critical issue is that testing of the proof. If an offense has been subject to such scrutiny and the burden of proof has been met, regardless of whether the judicial proceeding concluded with a final conviction, it is part of a defendant's criminal record, and Art. 37.03, § 3, does not require further proof of guilt beyond a reasonable doubt.

*Id.*

Therefore, the trial court was not required to instruct the jury that it must find beyond a reasonable doubt that Appellant was convicted of the numerous offenses to which he testified or the State proved had resulted in final convictions.

We now turn to the extraneous offenses of drunk driving and drug use on the day Appellant assaulted his wife.[1] The State contends that evidence of these extraneous

---

1. In oral argument, Appellant's attorney raised two new extraneous offenses not mentioned in his brief: pulling a phone out of a hotel room wall and threatening to kill his wife. An appellant may not raise new points during oral argument; therefore, we will not address these previously unmentioned offenses because they were not included in the written argument of Appellant's brief. *See* TEX.R.APP. P. 39.2.

offenses is admissible as same transaction contextual evidence and therefore a beyond-a-reasonable-doubt instruction is not required for these acts. In consideration of this argument, it is helpful to provide some background regarding the development of same transaction contextual evidence.

### Texas Rule of Evidence 404(b) and Same Transaction Contextual Evidence

Rule 404(b) provides,

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such *evidence other than that arising in the same transaction.*

Tex.R. Evid. 404(b) (emphasis added).

■ The doctrine of admissibility of same transaction contextual evidence arose from what has been termed as evidence of the "res gestae" of an offense. It has long been established that extraneous offense evidence is admissible

[t]o show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence.

*Albrecht v. State,* 486 S.W.2d 97, 100 (Tex. Crim.App.1972). In *Mayes v. State,* the Texas Court of Criminal Appeals noted that "[b]ackground evidence, once called

'res gestae' of the offense, has also come to refer to other offenses indivisibly connected with the offense charged, and not only general background evidence which is helpful to the jury's understanding." 816 S.W.2d 79, 86 (Tex.Crim.App.1991). The court further recognized that the broadening of the term res gestae led to confusion as to what exactly constitutes res gestae evidence. *See id.* ("Furthermore, the absence of jurisprudence on the infrequently litigated subject of background evidence has also created an analytical void, confusing the distinction between other offenses connected with a primary offense, and general background evidence."). Therefore, the court took the opportunity to distinguish between background evidence and evidence of "other offenses connected with a primary offense," which the court referred to as "same transaction" contextual evidence. *Id.* at 86.

■ Same transaction contextual evidence is admissible as an exception under Rule 404(b) where such evidence is *necessary* to the jury's understanding of the instant offense. *Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim.App.1993). The court of criminal appeals has stated,

Same transaction contextual evidence is deemed admissible as a so-called exception to the propensity rule where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." The reason for its admissibility "is simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose." Necessity, then, seems to be one of the reasons behind admitting evidence of the accused's acts, words and

conduct at the time of the commission of the offense.

*Mayes,* 816 S.W.2d at 86 n. 4 (citations omitted), *quoted in Rogers,* 853 S.W.2d at 33. Necessity, then, is an "other purpose" for which same transaction contextual evidence is admissible under Rule 404(b). *Rogers,* 853 S.W.2d at 33.

### Extraneous Offense Evidence Under Rule 404(b) and Jury Instructions

■ The court of criminal appeals has held that if the defendant so requests at the guilt/innocence phase of trial, the trial court must instruct the jury not to consider extraneous offense evidence admitted for a limited purpose under Rule 404(b) unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. *George v. State,* 890 S.W.2d 73, 76 (Tex.Crim.App.1994). Therefore, an instruction limiting the jurors' consideration of extraneous offense evidence to one of the purposes allowed by Rule 404(b), when requested, must include a beyond-a-reasonable-doubt instruction. *Id.; see Norrid v. State,* 925 S.W.2d 342, 349 (Tex.App.-Fort Worth 1996, no pet.). However, the court of criminal appeals has held that such a limiting instruction is not required when extraneous offense evidence is admitted as same transaction contextual evidence during the guilt/innocence phase of a trial. *Camacho v. State,* 864 S.W.2d 524, 535 (Tex.Crim.App.1993), *cert. denied,* 510 U.S. 1215, 114 S.Ct. 1339, 127 L.Ed.2d 687 (1994). In *Camacho,* the appellant sought a "limiting instruction" on the extraneous offenses of kidnapping and murder, requesting that

> any evidence of an offense other than that charged in the indictment if any, may not be considered for any purpose by the jury unless and until they believe from the evidence beyond a reasonable doubt that the defendant committed

such other offense, if any, and then such may be considered only for the limited purpose for which it was offered and admitted.

*Id.* at 534.

The court of criminal appeals held that "those acts fall within the language of Rule 404(b) ... which applies to proof of offenses '... arising in the same criminal transaction.'" *Id.* The court further held that "[t]he proof of the kidnapping and of the subsequent murders of two persons found in the house which appellant entered is same transaction contextual evidence. It was admissible as such and was not subject to the requirement of a limiting instruction." *Id.* at 535; *see also Hoffert v. State,* 623 S.W.2d 141, 145 (Tex.Crim. App. [Panel Op.] 1981) ("The Court has ... consistently held that it is not necessary to give a limiting instruction on an extraneous offense which is admitted as part of a transaction which includes the offense on trial.")

### Extraneous Offense Evidence Under Article 37.07 and Jury Instructions

As set out above, article 37.07, section 3(a) allows the admission at punishment of "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant." Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a). In *Huizar v. State,* the court of criminal appeals held that Article 37.07, section 3(a) requires a trial court to *sua sponte* give a beyond-a-reasonable-doubt instruction when evidence of extraneous offenses or bad acts is admitted at punishment. 12 S.W.3d 479, 484 (Tex.Crim.App.2000). The court reasoned that

> [s]ection 3(a)'s requirement that the jury be satisfied of the defendant's culpability

in the extraneous offenses and bad acts is thus 'law applicable to the case' in the non-capital punishment context.... As this was 'law applicable to the case' appellant was not required to make an objection or request under section 3(a) in order for the trial court to instruct the jury thereunder.

*Id.*

However, the Texas Court of Criminal Appeals has not addressed whether a beyond-a-reasonable-doubt instruction is required when evidence of other offenses is admitted during the guilt/innocence phase and reoffered at the punishment phase of a trial as same transaction contextual evidence. *King v. State,* 125 S.W.3d 517, 519–20 (Tex.Crim.App.2003) (Cochran, J., concurring in refusal of appellant's petition for discretionary review) (noting that court of criminal appeals has not expressly addressed issue of whether article 37.07, section 3(a) requires beyond-a-reasonable-doubt punishment instruction for extraneous offenses admitted as same transaction contextual evidence at guilt/innocence and re-offered at punishment).

## ANALYSIS

■ Given this backdrop, we turn to the present case. As detailed above, Appellant testified on direct examination regarding the events surrounding the assault of his wife. This included extensive testimony regarding drug and alcohol use and drunk driving by Appellant. As Appellant himself testified, he and his wife got into an argument on their way home about people they had dated in the past. Appellant agreed with his counsel that they were both "drunk and probably not being too rationale [sic]." It was during this car ride home that Appellant stated he first struck his wife when she grabbed the steering wheel. Appellant's counsel then asked, "So you guys, fair to say, are in a

very drunken, heated argument as you're driving?", to which Appellant replied, "Yes, ma'am." Appellant related that when he and his wife got back to their motel room, they continued to argue about the room they were staying in. Appellant stated, "You know, I was drunk and she was drunk and we started arguing about it." Appellant admitted that he assaulted his wife again during this time. Appellant concluded, "If we hadn't both been drunk, you know, and high on drugs, I would have never done it."

Appellant seems to have offered the evidence of his own drug and alcohol use to explain the circumstances surrounding the reason he and his wife got into an argument and why he assaulted her. Appellant himself intertwined the drug and alcohol use with the assault of his wife, explaining that he would not have done it if he hadn't been high. We conclude that the testimony describing the extensive drug and alcohol use on the day Appellant assaulted his wife was necessary to explain the circumstances surrounding the instant offense and constituted same transaction contextual evidence. *See Jackson v. State,* 927 S.W.2d 740, 742–43 (Tex. App.-Texarkana 1996, no pet.) (holding that in defendant's trial for attempted murder, evidence of drug activity involving defendant at location where shooting occurred was same transaction contextual evidence); *Heiman v. State,* 923 S.W.2d 622, 626 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd) (stating that evidence that defendant in indecency with a child offense injected himself and complainant with cocaine at the time of the offense was same transaction contextual evidence); *see also Morgan v. State,* Nos. 14–01–00809–CR, 14–01–00810–CR, 2002 WL 1438680, at *5 (Tex.App.-Houston [14th Dist.] July 3, 2002, pet. ref'd) (not designated for publication) (holding that evidence of appellant's cocaine and alco-

hol use was admissible and relevant as same transaction contextual evidence: "Appellant himself 'blended' his cocaine and alcohol use with the sexual abuse allegations by stating that if he did commit the sexual abuse, it was while he was under the influence of cocaine and alcohol.").

The State argues that because the evidence of Appellant's drug use and drunk driving constituted same transaction contextual evidence, no reasonable doubt instruction was required. However, we do not necessarily agree. As pointed out by Justice Cochran in *King*, article 37.07, section 3(a) "does not set out any 'same transaction contextual evidence' exception to the statutorily-required reasonable-doubt jury instruction." *King*, 125 S.W.3d at 519. Therefore, article 37.07, section 3(a) is distinguishable from rule 404(b), which does contain an express exception for evidence "arising in the same transaction." TEX.R. EVID. 404(b); *see also Rogers*, 853 S.W.2d at 33 (holding that necessity is an "other purpose" for which same transaction contextual evidence is admissible under Rule 404(b)). Under the normal approach to statutory interpretation, we look solely to the literal text of the statute for its meaning unless the text is ambiguous or application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended. *Fryer v. State*, 68 S.W.3d 628, 629 (Tex. Crim.App.2002). Given that article 37.07, section 3(a) is not ambiguous, we hesitate to read into it an exception to the burden of proof for extraneous offenses or bad acts offered as same transaction contextual evidence.

■ Additionally, we do not believe that there is a "necessity" of showing the surrounding circumstances in order to present a complete picture to the jury at the punishment phase. When same transaction contextual evidence is admitted at the guilt/innocence phase, it is deemed an exception to rule 404(b) because "the jury is entitled to know all relevant surrounding facts and circumstances of the charged offense." *Prible v. State*, No. AP–74487, 2005 WL 156555, at *6 (Tex.Crim.App. Jan.26, 2005). However, this is not the case when this evidence is admitted at punishment because the jury has already determined guilt. "[W]hen the State offers same transaction contextual evidence at punishment, it is offering the evidence to prove the defendant's character, not simply the circumstances surrounding the crime." *King*, 125 S.W.3d at 519–20. Moreover, as discussed by the court of criminal appeals in *Fields v. State*,

> At the punishment phase, the defendant has already been found guilty beyond a reasonable doubt of each element of the offense charged.... Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive. The statute requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact-finder may use the evidence however it chooses *in assessing punishment*. Thus, this evidence serves a purpose very different from evidence presented at the guilt-innocence phase.

1 S.W.3d 687, 688 (Tex.Crim.App.1999). Clearly, the one purpose for which evidence of extraneous offenses is not admissible at the guilt/innocence phase—to show the character of the defendant—is the one purpose for which that evidence is allowed to assist the jury in determining punishment under article 37.07, section 3(a).

■ However, even if we assume that the trial court did err in failing to *sua sponte* provide a beyond-a-reasonable-doubt jury instruction regarding Appellant's drug use and drunk driving, Appellant was not harmed.

■ We review the erroneous failure to give a punishment-phase reasonable doubt instruction under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (op. on reh'g). *Martin v. State*, 42 S.W.3d 196, 200 (Tex.App.-Fort Worth 2001, pet. ref'd) (citing *Huizar*, 12 S.W.3d at 484–85). Because Appellant did not request an instruction or object to its omission, we must decide whether "the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.' " *Almanza*, 686 S.W.2d at 171; *Martin*, 42 S.W.3d at 200. In making this determination, the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171; *Martin*, 42 S.W.3d at 200. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996); *Martin*, 42 S.W.3d at 200.

Appellant himself testified on direct examination to his drug use and drunk driving on the day of the assault. Therefore, there can be no doubt as to his connection to these extraneous offenses. *See Martin*, 42 S.W.3d at 201 (concluding that the omission of a reasonable doubt instruction was not harmful because there could be little doubt as to defendant's connection with the bad acts to which he voluntarily admitted at guilt/innocence). Moreover, the jury was also able to consider the substantial list of prior convictions to which Appellant himself testified and which the State presented to prove the habitual offender allegation. Furthermore, Appellant faced a sentence range of twenty-five to ninety-nine years and received a sentence of thirty-five years' confinement, which was towards the lower end of the punishment range. Indeed, this was much lower than the State's request that the jury not consider anything less than fifty years. *See Batiste v. State*, 73 S.W.3d 402, 408 (Tex.App.-Dallas 2002, no pet.) (concluding that appellant did not show egregious harm by failure to give a reasonable doubt instruction when jury assessed punishment far below the maximum punishment available, despite the State's suggestion that it "start at the top"); *Brown v. State*, 45 S.W.3d 228, 232–33 (Tex.App.-Fort Worth 2001, pet. ref'd) (asserting that fact that appellant received punishment at low end of punishment range, in contradiction of the State's request, militated towards showing appellant was not harmed by lack of reasonable doubt instruction).

Therefore, based on the record as a whole, we hold that Appellant has not shown that he suffered egregious harm.

## CONCLUSION

We hold that even if we assume that a beyond-a-reasonable-doubt instruction was required in this situation, the trial court's failure to *sua sponte* provide one did not deprive Appellant of a fair and impartial trial. Accordingly, we overrule Appellant's sole point on appeal and affirm the trial court's judgment.

CAYCE, C.J. concurs without opinion.