02-10-021-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00021-CR

 

 


 
 
 Davion Demon Calloway a/k/a Davion
 Calloway
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE
432nd District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          In one point, appellant Davion Demon Calloway a/k/a Davion
Calloway appeals his conviction for aggravated robbery, which is a first-degree
felony.[2]  We affirm.

Background Facts[3]

          A grand jury indicted appellant for
aggravated robbery; the indictment alleged that he used or exhibited a deadly weapon
while committing theft. Appellant entered an open guilty plea, waived
constitutional and statutory rights, entered a judicial confession, and elected
the jury to assess his punishment.[4]

          During the trial on punishment, the
State presented testimony from several witnesses about extraneous bad acts that
the State contended appellant had been involved with.  Specifically, the witnesses discussed an
October 2008 shooting and a summer 2009 threat of a detention officer while
appellant was incarcerated.  Appellant
stipulated that he had been previously convicted of theft and assault by
contact, and the State presented evidence about the facts of the theft.

          Appellant testified about the
aggravated robbery in this case and his previous convictions.  Although he admitted being present at the
October 2008 shooting, he denied participating in it, and he also denied
threatening the detention officer. 
Appellant also called character witnesses, including a pastor and his
aunt.

          After both parties rested and
presented closing arguments, the jury convicted appellant and assessed his
punishment at forty years’ confinement, and the trial court sentenced him to
the same.  Appellant filed notice of this
appeal.

Jury Charge Instruction

          In his only point, appellant contends
that the trial court erred by excluding his requested jury instruction about “the
burden of proof and the law of parties . . .
as to the extraneous offense evidence offered at trial.”  Specifically, he argues that the “trial court
reversibly erred and abused its discretion in denying [his] requested jury
charge as to applying reasonable doubt to the extraneous offense evidence
before the jury.”

          Appellate review of error in a jury
charge involves a two-step process.  Abdnor v. State, 871 S.W.2d 726, 731 (Tex.
Crim. App. 1994); see also Sakil v. State, 287
S.W.3d 23, 25–26 (Tex. Crim. App. 2009). 
Initially, we must determine whether error occurred; if so, we must then
evaluate whether sufficient harm resulted from the error to require
reversal.  Abdnor,
871 S.W.2d at 731–32.

          For a jury to consider a defendant’s extraneous
offenses and bad acts that are presented during the punishment phase of a trial,
such acts must be proved beyond a reasonable doubt.  See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2010); 
Moore v. State, 165 S.W.3d
118, 123 (Tex. App.—Fort Worth 2005, no pet.). 
Thus, when evidence of extraneous offenses or bad acts is admitted at
punishment, a trial court must give a beyond-a-reasonable-doubt instruction in
the jury charge.  Moore, 165 S.W.3d at 123–24 (citing Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000)); see Allen v. State, 47 S.W.3d 47, 49–50
(Tex. App.—Fort Worth 2001, pet. ref’d).

          The trial court’s charge included the
following language:

          You may
consider evidence of an extraneous crime or bad act in assessing punishment
even if the Defendant has not yet been charged with or finally convicted of the
crime or act.  However, you may consider
such evidence only if the extraneous crime or bad act has been shown by the
State beyond a reasonable doubt to have been attributable to the Defendant or
is one for which the Defendant could be held criminally responsible.

          The
prosecution does not have to prove an extraneous crime or bad act beyond all
possible doubt.  The prosecution’s proof
must exclude all reasonable doubt concerning the extraneous crime or bad act.

          Therefore,
if you find and believe beyond a reasonable doubt that the Defendant committed
an extraneous crime or bad act . . . , then you may consider such evidence in
assessing the Defendant’s punishment. 
However, if you have a reasonable doubt that the Defendant committed an
extraneous crime or bad act . . . , then you may not consider such evidence in
assessing punishment.

Therefore,
the record does not support appellant’s complaint that the trial court erred by
omitting an explanation of the application of the reasonable doubt standard to
the extraneous offenses that were presented to the jury.

          Although not expressly articulated in
his brief, appellant might be complaining about other requested language that
the trial court did exclude from the jury charge.  After the parties rested, before the
submission of the case to the jury, the court asked whether the parties had
reviewed the proposed charge.  Appellant’s
counsel expressed her belief that the charge should have told the jury that the
State had to “prove each and every element” of the extraneous offenses it had
presented, including that appellant was a party to the shooting or was aware of
it.  Over appellant’s objection, the
trial court declined to include the following paragraph, which would have
explained whether appellant could be criminally responsible for another
person’s conduct (because there was more than one person involved in the
shooting):

          Each party
to an offense may be charged with the commission of the offense.  A person is criminally responsible for an
offense committed by the conduct of another if acting with intent to promote or
assist the commission of the offense, he solicits,
encourages, directs, aids or attempts to aid the other person to commit the
offense.  Mere presence alone will not
constitute one a party to an offense.[[5]]

 

          This instruction would have correctly
stated the law.  See Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003). 
However, the instruction was not necessary because the jury’s task was
not to determine whether appellant could be convicted for extraneous acts under
the law of parties but to decide whether the extraneous, bad acts were
attributable to him.  See Haley v. State, 173 S.W.3d 510, 515
(Tex. Crim. App. 2005) (“We interpret [article 37.07] to require the burden of
proof to be applied to a defendant’s involvement in the act itself, instead of
the elements of a crime necessary for a finding of guilt.”).  In other words, “the statutorily imposed
burden of proof beyond a reasonable doubt does not require the offering party
to necessarily prove that the act was a criminal act or that the defendant
committed a crime.”  Id.; see Spence v. State,
795 S.W.2d 743, 759 (Tex. Crim. App. 1990) (explaining that there is “no
requirement in our law that all of the statutory elements of an offense must be
proven before a prior unadjudicated extraneous offense
may be admitted at the punishment phase”), cert.
denied, 499 U.S. 932 (1991); Hanson
v. State, 269 S.W.3d 130, 133–34 (Tex. App.—Amarillo 2008, no pet.) (“When
an extraneous bad act is admitted for consideration during the punishment
phase, the jury is not required to assess whether a statutory crime occurred;
rather, its obligation is to determine, beyond a reasonable doubt, whether that
appellant was involved in the bad act being offered as evidence”); Malpica v. State, 108 S.W.3d 374, 378 (Tex.
App.—Tyler 2003, pet. ref’d); Taylor v. State, 970 S.W.2d 98, 101 (Tex. App.—Fort Worth 1998,
pet. ref’d) (“[T]here is no requirement that the jury
be instructed that it can only find the commission of an extraneous offense if
the State proves each and every element beyond a reasonable doubt.”).  Because the jury was not required to decide
whether appellant could be convicted of the shooting under the law of parties to
consider whether the shooting was attributable to him beyond a reasonable
doubt, we hold that the trial court did not err by excluding the criminal
responsibility paragraph quoted above.  See Haley, 173 S.W.3d
at 515.

          For these reasons, we overrule
appellant’s only point.

Conclusion

          Having overruled appellant’s only
point, we affirm the trial court’s judgment.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
MEIER and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 3, 2011











          [1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 29.03(a)(2), (b)
(Vernon 2003).





[3]Because
appellant’s sole complaint on appeal concerns alleged jury charge error, we
will provide only a brief summary of the facts relevant to this appeal.





[4]Appellant
repeated his guilty plea in the jury’s presence.  His aggravated robbery concerned a September
2008 incident at a Dollar Tree store in which he approached an employee with a
gun and took the store’s money and the employee’s cell phone.





[5]The
charge stated, however, that a “person is criminally responsible as a party to
an offense if the offense is attributable to his own conduct, by the conduct of
another for which he is criminally responsible, or by both.”  This instruction accurately states the law
(albeit incompletely with regard to defining criminal responsibility), and
appellant did not object to it.  See Tex. Penal Code Ann. § 7.01(a) (Vernon 2003).