

## NUMBER 13-09-00606-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ADRIAN DE LEON,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Adrian De Leon, appeals his conviction for twenty counts of possession of child pornography, a third-degree felony. *See* TEX. PENAL CODE ANN. § 43.26(a) (West 2003). A jury found appellant guilty and determined his punishment. Pursuant to the trial court's authority to cumulate sentences, the trial court sentenced appellant to two consecutive three-year sentences in the Institutional Division, Texas Department of

Criminal Justice (counts seven and fourteen, respectively), followed by two years of confinement in county jail and ten years of community supervision (remaining eighteen counts). Pursuant to the jury's verdict, the trial court also assessed a fine totaling $180,000.00, representing $10,000 per count for the eighteen counts.

By seven issues, appellant argues: (1) the evidence was insufficient to show he knowingly or intentionally possessed child pornography; (2) the trial court's admission of five sexually explicit internet chat transcripts into evidence was erroneous under Texas Rules of Evidence 403 and 404(b); (3) the trial court's admission of explicit photographs of appellant into evidence was erroneous under Texas Rules of Evidence 403 and 404(b); and (4) he received ineffective assistance of trial counsel. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and his brother, Jesus De Leon, lived with their mother. Jesus was arrested for sexually assaulting his nine-year-old niece after his ex-girlfriend turned in a copy of a video of the crime to law enforcement. Appellant's mother consented to a search of her house when law enforcement asked to search. The police were looking for the original video and any other copies of it. Appellant's computer was found in his bedroom and was seized during the search.

Appellant's computer contained child pornography. Nineteen of the twenty files of child pornography at issue in this case were saved in a folder on the computer labeled "AD's files." As described in the State's brief, "AD's files" contained "graphic and horrific sex acts involving young boys."

Law enforcement officials contacted appellant to ask him about the contents of his

2

computer. Appellant gave the police a voluntary written statement, which was admitted into evidence at trial. In the statement, appellant described various items of child pornography involving underage females on his computer, but said Jesus owned and downloaded it. Appellant also said he asked Jesus to remove the child pornography, but neither verified that Jesus removed it, nor removed it himself.

At trial, Jesus testified he was bisexual and that all of the child pornography belonged to him. Jesus testified he was the primary user of the computer and that although appellant sometimes used it, appellant was never home. Jesus testified he tried to hide his child pornography "deep" in the computer, so family members would not find it. He testified that in hiding the child pornography, he would not have saved it with an obvious file name that would show the file contained child pornography.

Appellant testified in his own defense. He denied that he used the computer frequently, denied that any of the adult or child pornography belonged to him, and denied that he downloaded adult pornography onto the computer. Appellant also denied the veracity of the voluntary statement he gave police, and testified the law-enforcement agents who interviewed him lied at trial when they testified his statement was not coerced. Appellant initially denied he admitted to them that he had seen any child pornography on the computer. He testified he falsely described to law enforcement child pornography he had seen on the computer belonging to Jesus because one of the officers threatened action against his mother because the internet service was in her name. Appellant admitted his screen name on instant-messaging programs was "Crystalblast."

The State responded by introducing five internet "chat" transcripts. These

3

transcripts showed that appellant used the computer extensively; that there were no saved transcripts on the computer for Jesus; and that he used adult pornography on the computer. Nothwithstanding that the chat transcripts contained multiple identifiers that showed appellant, not Jesus, was Crystalblast, appellant denied having ever seen these chats or that he was the person who chatted under the name "Crystalblast."[1] Appellant also denied any familiarity with the folder labeled "AD's files." The State responded further by introducing eight graphic photographs of appellant found on the computer. These photographs showed appellant in various poses that included him smiling, opening his shirt, and showing his anus and genitals.

On redirect examination, appellant denied having ever seen the chats before, and testified Yahoo Messenger required no log in, so anyone using the computer could have chatted as "Crystalblast." He also testified Jesus knew his identifying information that appeared in the chat transcripts. The defense emphasized that in one of the chat transcripts, "Crystalblast" admitted he was appellant's brother, chatting under appellant's screen name. In that message, Jesus stated appellant was "gay," but that he was not.

The State's theory of the case was that appellant was homosexual and interested in child pornography showing males, and that Jesus was interested in underage females. A detective from the Brownsville Police Department Sex Crimes Unit testified as an expert witness at trial that in his opinion, appellant was a pedophile, though the detective did not believe appellant had ever molested a child. The detective testified that, based on his

---

[1] In the chat transcripts, Crystalblast said he was a student at "UTB," he worked at Convergys, he bought his Vaio (a brand of computer) on Ebay, and indicated he drove a Firebird. The record shows and appellant conceded, all of these things were true of appellant at the relevant times. In at least one instance within the chat transcripts, Crystalblast answered his name was "Adrian."

4

conversation with appellant, appellant was interested in "young males," and that it was clear from photographs and video that Jesus was interested in "little girls."

## II. ISSUES PRESENTED

Appellant presents seven issues for review:  (1–2) whether the evidence is factually and legally insufficient to show appellant knowingly or intentionally possessed child pornography when the evidence allegedly showed the child pornography belonged to appellant's brother, Jesus; (3–4) whether the trial court's admission of five transcripts of sexually explicit chats, found on appellant's computer, violated Texas Rules of Evidence 403 and 404(b); (5–6) whether the trial court's admission of photographs of appellant "naked and/or exposing his genitals, penis and anus" violated Texas Rules of Evidence 403 and 404(b); and (7) whether trial counsel's failure to object to the admission of the sexually explicit chats in evidence was ineffective assistance of trial counsel.

## III. STANDARD OF REVIEW

We review a sufficiency challenge styled as a "factual sufficiency" challenge or a "legal sufficiency" challenge under the *Jackson v. Virginia* sufficiency standard.  *See Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979); *Brooks v. State,* 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.); *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).  "It bears emphasizing that a rigorous and proper application of the *Jackson v. Virginia* legal-sufficiency standard is as exacting a standard as any factual-sufficiency standard (especially one that is 'barely distinguishable' or indistinguishable from a *Jackson v. Virginia* legal-sufficiency standard)."  *Brooks,* 323 S.W.3d at 906.

5

Under this standard, when conducting an evidentiary sufficiency review, a reviewing court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt—not whether *it* believes the evidence at trial established guilt beyond a reasonable doubt. *Id.* at 894; *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). In doing so, we assess all of the evidence in the light most favorable to the prosecution. *Laster,* 275 S.W.3d at 517 (quoting *Jackson,* 443 U.S. at 319). We must presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson,* 443 U.S. at 326. The jury may believe all, part, or none of any witness's testimony. *State v. Mercier*, 164 S.W.3d 799, 813–14 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Moody v. State*, 830 S.W.2d 698, 699–700 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). The jury resolves questions about the credibility of witnesses and the weight to be given to their testimony. *Mercier*, 164 S.W.3d at 813–14; *Moody*, 830 S.W.2d at 700. Conflicts in testimony do not require reversal of a conviction when there is enough credible testimony to support the conviction. *Moody*, 830 S.W.2d at 700.

A trial court's ruling on the admissibility of evidence is reviewed under an abuse-of-discretion standard. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). If the trial court's ruling was within the zone of reasonable disagreement, there is no abuse of discretion. *Id.* Rarely should the trial court's decision be reversed and only after a clear abuse of discretion. *Id.*

## IV. DISCUSSION

### A. The Evidence Is Sufficient To Sustain Appellant's Conviction

By his first and second issues, appellant argues the evidence is insufficient to show he knowingly or intentionally possessed child pornography because the evidence shows the child pornography belonged to his brother, Jesus. We disagree.

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

A person commits the offense of possession of child pornography if the person knowingly or intentionally possesses material that visually depicts a child, younger than eighteen years of age at the time that the image of the child was made, who is engaging in sexual conduct, and the person knows that the material depicts such a child. TEX. PENAL CODE ANN. § 43.26(a). A person possesses a thing when he exercises actual care, custody, control, or management of it. *Id.* § 1.07(a)(39) (West 2003).

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist or when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b). A person acts intentionally, or with

intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a). Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *See Hernandez v. State,* 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). A jury can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the accused and the surrounding circumstances. *See Dillon v. State,* 574 S.W.2d 92, 94 (Tex. Crim. App. 1978).

Viewing the evidence in the light most favorable to the jury's verdict, we conclude it is sufficient to sustain appellant's conviction as to all twenty counts of possession of child pornography. Nineteen of the twenty counts concerned files saved in "AD's files" on appellant's computer. A rational jury could conclude appellant possessed the contents of "AD's files" because the folder bore his initials. The remaining file (count fourteen) was saved in a folder called "Tsunami Filter Pack." FBI Agent Greg Waterson testified appellant identified "Tsunami Filter Pack" to him as a file that contained child pornography which he asked Jesus to remove. By his voluntary statement, appellant admitted he knew there was child pornography on his computer and that he had not removed it. All but one of the twenty files for which appellant was convicted were saved with file names that indicated the files contained child pornography. Thus, the file names undermined Jesus's testimony that all of the the child-pornography files were his files, and that he saved them deep in the computer with file names that did not suggest their illegal content.

The jury was free to disbelieve appellant's denial that he knew about child pornography on his computer, particularly because the chat transcripts and photographs

8

admitted in evidence showed appellant was not being truthful when he testified he did not have adult or child pornography on his computer. The extensive chat transcripts and photographs also undermined appellant's testimony that he rarely used the computer. The expert testimony that appellant was interested in young males also supported appellant's conviction, as did expert testimony and a chat transcript reflecting that Jesus was interested in females and was heterosexual. It is undisputed that the child pornography for which appellant was convicted involved underage males. Because the evidence is sufficient to show appellant knowingly or intentionally possessed child pornography, as alleged in this case, we overrule appellant's first and second issues.

## B. Appellant's Evidentiary Issues Do Not Entitle Him To Relief

We first consider the extent to which appellant preserved error regarding his complaints about the trial court's evidentiary rulings. *See Haley v. State*, 173 S.W.3d 510, 525 (Tex. Crim. App. 2005). We do not reach appellant's complaints that the admission of the chat transcripts violated Texas Rules of Evidence 403 and 404(b) (issues 3 and 4) because, as appellant acknowledges in his appellate brief, these complaints were not made in the trial court, and thus they have not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1). Likewise, we do not reach appellant's complaint that the admission of the photographs of him violated Rule 403 (issue 6), because only a Rule 404(b) objection was made in the trial court to the admission of the photographs. *See Johnston v. State*, 145 S.W.3d 215, 220 n. 13 (Tex. Crim. App. 2004) (holding a Rule 404(b) objection does not preserve error for a Rule 403 complaint); *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (same).

9

By his fifth issue, appellant argues under Rule 404(b) that the trial court erred by admitting the photographs of appellant "naked and/or exposing his genitals, penis and anus" because the photographs were not relevant and did not tend to prove any element of the offense charged. According to appellant, the photographs were prohibited character evidence. The State urged that the photographs impeached appellant's claim he lacked knowledge of any pornographic photographs on the computer. The trial court ruled that the photographs were admissible under Rule 404(b) to show knowledge. In response to a direct question from appellant's trial counsel, the trial court explained the photographs showed knowledge of photographs of naked bodies and knowledge of how to "download this information into a computer."

It is a firmly-rooted principle of criminal law that an accused can only be tried for the offense charged and not for being a bad person or a criminal generally. *Hudson v. State*, 112 S.W.3d 794, 800 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (citing *Montgomery v. State,* 810 S.W.2d 372, 386 (Tex. Crim. App. 1990) (op. on reh'g)). Extraneous-offense evidence of other crimes, wrongs, or acts may not be admitted in order to show that the defendant acted in conformity with the bad character. TEX. R. EVID. 404(b).

Extraneous-offense evidence, if relevant apart from proving character conformity, may be admitted for other purposes including proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or accident. *Id.*; *Moses,* 105 S.W.3d at 626. Such evidence is admissible under Rule 404(b) when it is relevant to an elemental fact in a criminal case. *Rankin v. State*, 974 S.W.2d 707, 709–10 (Tex. Crim.

App. 1996). Extraneous-offense evidence that has relevance apart from character conformity may also be admissible to rebut a defensive theory. *See* Tex. R. Evid. 404(b); *Moses,* 105 S.W.3d at 626 n.4, 628; *Ransom v. State,* 920 S.W.2d 288, 301 (Tex. Crim. App. 1994); *see also Bargas v. State*, 252 S.W.3d 876, 890–91 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (discussing relevance of extraneous-offense evidence offered for non-character purposes in the context of Rule 404(b)).

The State was required to prove appellant knowingly or intentionally possessed child pornography. *See* Tex. Penal Code Ann. § 43.26(a). To prove possession, the State had to prove appellant exercised actual care, custody, control, or management of the child pornography. *Id.* § 1.07(a)(39). All of the child pornography in question was on appellant's computer. From appellant's opening statement, continuing in his cross- and direct- examination of witnesses, the defense presented to the jury that the child pornography actually belonged to Jesus. The defense presented to the jury that Jesus even posed as appellant and engaged in sexually-explicit chats while doing so. According to the defense, appellant rarely used the computer and in his testimony, appellant repeatedly denied knowledge of any adult or child pornography on the computer.

In *Krause v. State*, the First Court of Appeals addressed whether photographs and images of a criminal defendant with his genitals exposed were relevant in his trial for possession of child pornography. 243 S.W.3d 95, 105 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (addressing relevance of photographs in the context of a Rule 403 analysis). The photographs and the child pornography were both on Krause's computer

11

and compact discs, but Krause argued a virus or another computer user placed the child pornography on these devices. *Id.* at 106. The appellate court concluded that because at least two of the photographs were both on his laptop and an external drive, unlike the other evidence in the case, the photographs of appellant were probative to show knowing possession of child pornography because appellant transferred the photographs from one medium to another. *Id.* The court explained the photographs of Krause linked him to the child pornography and were relevant to show intent. *Id.*

As in *Krause*, the photographs of appellant were relevant for the non-character purposes of linking appellant to the child pornography on his computer and showing intent. Under the facts presented, the photographs of appellant were admissible to show knowledge and more specifically, that appellant knowingly or intentionally exercised care, custody, control or management of pornographic images on the computer, despite the defensive theory to the contrary that appellant rarely used the computer and never used it in connection with pornographic images, let alone child pornography. *See id.*; *Bargas*, 252 S.W.3d at 892. We cannot say the trial court abused its discretion by admitting the photographs in evidence. *See Moses*, 105 S.W.3d at 627–28. Accordingly, we overrule appellant's fifth issue.

## C. Appellant Has Not Demonstrated Ineffective Assistance Of Trial Counsel

By his seventh issue, appellant argues his trial counsel rendered ineffective assistance because he failed to object to the admission of the chat transcripts into evidence.[2] Both the United States and Texas Constitutions guarantee an accused the

---

[2] At oral argument, appellant added that trial counsel was ineffective for failure to object to the admission of the photographs of appellant under Rule 403. *See* TEX. R. EVID. 403. An appellant may not

12

right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2010). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984).

To prove ineffective assistance, a defendant must show, (1) by a preponderance of the evidence, that counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 687–96; *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must overcome the strong presumption that the challenged action might have been sound trial strategy. *Thompson,* 9 S.W.3d at 813. We will not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Aldaba v. State*, No. 14-08-00417-CR, 2009 WL 1057687, at *5 (Tex. App.—Houston [14th Dist.] April 16, 2009, pet. ref'd). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex.

rely on new arguments at oral argument that were not raised in the written appellate brief. *See* TEX. R. APP. P. 39.2; *Moore v. State*, 165 S.W.3d 118, 122 n.1 (Tex. App.—Fort Worth 2005, no pet.). Therefore, we consider only appellant's ineffective-assistance argument that was presented in his appellate brief.

13

App.—Houston [14th Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant's ineffective-assistance claim fails because he has not met his burden under either step of *Strickland.* There is no evidence in the record that trial counsel's decision to not object to the admission of the chat transcripts under Rule 403 was not an exercise of reasonable trial strategy. Each time one of the five chat transcripts was offered in evidence, appellant's trial counsel specifically stated he had no objection, as opposed to remaining silent while the transcripts were offered and admitted in evidence. The first two times chat transcripts were offered (State's Exhibits 12 and 13), appellant's trial counsel expressed he was not objecting because the transcripts were on appellant's computer which had already been admitted into evidence. The record reflects that, prior to the admission of appellant's computer tower in evidence, appellant's trial counsel made an unsuccessful Rule 404(b) objection to the admission of the computer tower. In his redirect examination of appellant, trial counsel asked appellant about the chat transcripts and elicited testimony from appellant to the effect that Jesus was the person using the screen name "Crystalblast" and that the chat transcripts belonged to Jesus.

14

Trial counsel may have reasoned that an objection to the chat transcripts was likely to be unsuccessful, could prejudice jurors by giving the impression the defense was attempting to conceal evidence, and that it was consistent with his defensive theory to not object and argue the chat transcripts belonged to Jesus. Because the record is silent as to counsel's strategy, appellant has not met his burden to show ineffective assistance under the first prong of *Strickland*. *See Goodspeed*, 187 S.W.3d at 393–94 (discussing various reasons defense counsel may have chosen to not ask any questions during voir dire). In addition, appellant has not demonstrated that but for counsel's alleged errors, there is a reasonable probability the outcome of the proceedings would have been different. *See Thompson*, 9 S.W.3d at 813–14. Appellant's seventh issue on appeal is overruled.

## V.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of August, 2011.

15