**Nikon JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–97–00091–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted April 30, 1998.

Decided May 1, 1998.

Ebb B. Mobley, Longview, for appellant.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Nikon Johnson appeals from his conviction for aggravated robbery. He contends that the court erred at the punishment stage of the proceeding by admitting evidence about his participation in an extraneous offense.

During the punishment phase of a trial, the trial court is deemed the authority on the threshold issue of admissibility of relevant evidence. If such evidence includes extraneous offenses, then the jury, as the exclusive judge of the facts, is to determine whether or not the State has proved such offenses beyond a reasonable doubt, and should be so instructed when requested. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim.App.1996).

TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979) provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

The basis of Johnson's argument lies in the construction of this provision that says accomplice witness testimony must be cor-

roborated by looking to see whether, after excluding the accomplice's testimony, there is other evidence of an incriminating character which tends to connect the defendant with the commission of the offense. *Burks v. State,* 876 S.W.2d 877, 887 (Tex.Crim.App. 1994); *Munoz v. State,* 853 S.W.2d 558, 559 (Tex.Crim.App.1993); *Reed v. State,* 744 S.W.2d 112, 125 (Tex.Crim.App.1988). In the absence of such evidence, the accomplice's testimony is insufficient to support a conviction. This analysis is used to determine the sufficiency of evidence to support a *conviction* after a trial on the merits. It has not been used to review sufficiency of evidence introduced at the punishment phase to show that a defendant committed an extraneous offense.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1998) explicitly provides that the State may introduce evidence that a defendant was involved in "an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant. . . ." The Texas Court of Criminal Appeals has held that the extraneous offense must be proven beyond a reasonable doubt and that, upon request, the jury should be instructed to determine whether the State has met its burden of proof. *Mitchell,* 931 S.W.2d at 954. The trial court gave the requisite instruction to the jury.

 The question in this case, however, is not insufficiency of the evidence. Instead, the question is whether the trial court erred by admitting the accomplice testimony at all. Counsel has directed this Court to no authority stating that it would be error to admit such testimony, and we are aware of none. The duty of the court in this context is to act as the gatekeeper for the threshold issue of whether evidence is admissible. *Mitchell,* 931 S.W.2d at 953. The trial court's actions as to the admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. *Id.; Saenz v. State,* 843 S.W.2d 24, 26 (Tex.Crim.App.1992). In the absence of any authority holding that such evidence is inadmissible unless corroborated,

we cannot find that the trial court abused its discretion by admitting the evidence.

The judgment is affirmed.