Quentin Larry **GOODMAN,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–99–00043–CR.

Court of Appeals of Texas, Austin.

Nov. 18, 1999.

---

Alexander L. Calhoun, Austin, for Appellant.

Ronald Earle, Dist. Atty., C. Bryan Case, Jr., Asst. Dist. Atty., Austin, for State.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

BEA ANN SMITH, Justice.

A jury found appellant Quentin Larry Goodman guilty of aggravated robbery and assessed punishment at imprisonment for sixty years. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 1994). We will affirm.

The details of the offense are irrelevant to the issues on appeal. It is sufficient to note that Goodman committed the crime with an accomplice, Eddie Bunton. Bunton testified for the State at both stages of the trial. During his punishment stage testimony, Bunton said that he and Goodman were members of the Bloods, an Austin gang. Bunton also testified that he, Goodman, and a third man attempted to rob Goodman's neighbor about one week before the instant robbery. An Austin police officer testified that the Bloods were involved in drug trafficking, drive-by shootings, robberies, assaults, and thefts.

The district court's punishment charge instructed the jury not to consider the extraneous robbery unless it believed beyond a reasonable doubt that Goodman committed the offense. *See Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App. 1996); Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.1999) (extraneous offenses must be proved beyond reasonable doubt). In his first point of error, Goodman contends the court also should have instructed the jury not to consider Bunton's testimony unless it was corroborated by other evidence tending to connect Goodman to the extraneous offense. In his second point, Goodman contends he also was entitled to an instruction limiting the jury's consideration of his gang membership to the question of his character, and that his trial counsel was ineffective for failing to request it.

"A conviction cannot be had upon the testimony of an accomplice unless [the accomplice's testimony is] corroborated by other evidence tending to connect the de-

fendant with the offense committed...." Tex.Code Crim. Proc. Ann. art. 38.14 (West 1979) (accomplice witness rule). It is undisputed that Bunton was an accomplice as a matter of law, both as to the charged offense and the extraneous offense. The district court instructed the jury at the guilt stage not to consider Bunton's testimony unless it was properly corroborated, but did not give an accomplice witness instruction at the punishment stage. Goodman did not request the instruction or object to its omission.

■ When a witness who is an accomplice as a matter of law gives testimony to which article 38.14 applies, the statutorily required instruction is "law applicable to the case" within the meaning of article 36.14. *See Howard v. State,* 972 S.W.2d 121, 124 (Tex.App.—Austin 1998, no pet.); Tex.Code Crim. Proc. Ann. art. 36.14 (West Supp.1999) (court must deliver written charge setting forth law applicable to case). Thus, if article 38.14 applies to extraneous offense testimony by an accomplice witness at the punishment stage, Goodman's failure to request the instruction does not bar our consideration of the error on appeal. *See Saunders v. State,* 817 S.W.2d 688, 692–93 (Tex.Crim.App. 1991); *Almanza v. State,* 686 S.W.2d 157, 171–72 (Tex.Crim.App.1985) (op. on reh'g); *Howard,* 972 S.W.2d at 124.

It is settled that article 38.14 does not apply to an accomplice witness's extraneous offense testimony at the punishment stage of a capital murder trial. *See Thompson v. State,* 691 S.W.2d 627, 633 (Tex.Crim.App.1984); *May v. State,* 618 S.W.2d 333, 343 (Tex.Crim.App.1981). The court of criminal appeals has not spoken to the application of article 38.14 to extraneous offense testimony at the punishment stage of a noncapital trial, but one court of appeals has held that the statute does not apply. *See Stevenson v. State,* 997 S.W.2d 766, 770 (Tex.App.—Houston [1st Dist.] 1999, pet. filed). Another court of appeals apparently shares this view. *See Johnson v. State,* 969 S.W.2d 134, 135 (Tex.App.—Texarkana 1998, pet. ref'd) (accomplice's uncorroborated extraneous offense testimony admissible at punishment stage).

In determining that article 38.14 did not apply at the punishment stage of a capital murder trial, the court of criminal appeals in *May* began with the text of the statute. The court wrote:

> Art. 38.14 ... concerns the sufficiency of evidence needed to support a *conviction* and to connect the defendant with the offense charged when the State is relying on accomplice witness testimony. Before the punishment stage of the trial is reached the defendant has been found guilty—he has been convicted—only his punishment remains to be assessed. Nothing in Art. 38.14 ... suggests that "yes" answers to the [capital murder punishment issues] cannot be had upon uncorroborated accomplice witness testimony.

*May,* 618 S.W.2d at 342. The *May* court also examined the language of article 37.071, the capital murder punishment statute. *See id.;* Tex.Code Crim. Proc. Ann. art. 37.071 (West Supp.1999).[1] The statute provides that at a capital sentencing hearing, "evidence may be presented ... as to any matter that the court deems relevant to sentence." Art. 37.071, § 2(a). It is constitutionally essential that the jury have before it all possible relevant information about the defendant whose fate it must determine. *See May,* 618 S.W.2d at 342 (citing *Jurek v. Texas,* 428 U.S. 262, 276, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976)). The court found nothing in article 37.071 that would preclude the jury's consideration of uncorroborated accomplice witness testimony regarding the defendant's unadjudicated criminal conduct. *See id.*

1. Article 37.071 has been amended since *May* was decided, but the relevant language remains substantially the same.

For the reasons given in *May*, we also conclude that article 38.14 does not apply to extraneous offense testimony by an accomplice witness at the punishment stage of a noncapital trial. Article 38.14 expressly refers to the evidence necessary to support a *conviction*. At the punishment stage, the issue is not the defendant's guilt but the proper punishment to assess for the crime for which he has already been convicted. Nothing in the plain language of article 38.14 suggests that uncorroborated accomplice witness testimony cannot be considered in deciding the proper punishment in a noncapital case. Nor do we find any support for a result contrary to *May* in the statute governing the conduct of noncapital punishment proceedings. *See* Tex.Code Crim. Proc. Ann. art. 37.07 (West 1981 & Supp. 1999). This statute, like the capital murder statute, permits the introduction of evidence "as to any matter the court deems relevant to sentencing." *Id.*, § 3(a) (West Supp.1999). The statute expressly authorizes evidence of "an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant" even if it has not resulted in a conviction. *Id.* Article 37.07 does not prohibit the use of uncorroborated accomplice witness testimony to prove the defendant's commission of an extraneous offense.

Goodman argues that *May* should not be followed in noncapital cases because the capital murder sentencing scheme is unique. In particular, he notes the absence in article 37.071 of any provision comparable to section 3(b) of article 37.07:

> After the introduction of such evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence.

Tex.Code Crim. Proc. Ann. art. 37.07, § 3(b) (West 1981). We do not find that section 3(b) supports Goodman's position. An accomplice witness instruction is necessary at the punishment stage of a noncapital trial only if article 38.14 applies to such proceedings; if the statute does not apply, the instruction is not necessary.

Because article 38.14 by its terms requires corroboration only of accomplice witness testimony used to convict the accused, and because article 37.07, section 3(a) does not preclude the use of uncorroborated accomplice witness testimony to prove unadjudicated extraneous offenses, we hold that the district court did not err by failing to give an accomplice witness instruction regarding Bunton's testimony at the punishment stage. Point of error one is overruled.

By his second point, Goodman contends he did not receive effective assistance of counsel at the punishment stage. To sustain this claim, Goodman must show that his attorney erred to such a degree that he was not functioning effectively as counsel, and thereby deprived Goodman of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771–72 (Tex.Crim.App.1999). Goodman urges that counsel was ineffective because he did not request an instruction limiting the jury's consideration of Goodman's membership in the Bloods gang to the question of his character. He argues that in the absence of such an instruction, the jury was permitted to assume that he participated in the shootings, robberies, and other criminal acts attributed to the Bloods.

Goodman relies on the opinions in *Beasley v. State*, 902 S.W.2d 452 (Tex.Crim. App.1995), and *Anderson v. State*, 901 S.W.2d 946 (Tex.Crim.App.1995). In these two opinions announced the same day, the court held that the trial courts did not err by admitting evidence at the punishment stage showing that the defendant belonged to a gang, that the gang was involved in

criminal activities, and that the gang had a bad reputation in the community. This holding was announced by Judge Overstreet, who wrote that evidence of the defendant's gang membership was relevant to the question of his character. *See Beasley*, 902 S.W.2d at 456; *Anderson*, 901 S.W.2d at 950. He added, "For the jury to assess a defendant's character based on his gang membership, not only should the jury know of the defendant's gang membership, but also of the activities and purposes of the gang to which he belongs." *Anderson*, 901 S.W.2d at 950; *see Beasley*, 902 S.W.2d at 456. Only two other judges joined Judge Overstreet's opinion. Judge Mansfield concurred in an opinion agreeing that the challenged testimony was admissible to prove the defendant's character. *See Anderson*, 901 S.W.2d at 952; *Beasley*, 902 S.W.2d at 462. Presiding Judge McCormick concurred in the result only. *See Beasley*, 902 S.W.2d at 457; *Anderson*, 901 S.W.2d at 951. Judge Clinton, joined by Judge Meyers, was of the opinion that the evidence in question was properly admitted as a circumstance of the offender, but expressly rejected the view that gang membership was admissible character evidence. *See Beasley*, 902 S.W.2d at 458, 461–62; *Anderson*, 901 S.W.2d at 951. Judge Maloney, joined by Judge Baird, dissented. *See Beasley*, 902 S.W.2d at 463; *Anderson*, 901 S.W.2d at 954. Judge Maloney would admit evidence of gang membership only if it is proved beyond a reasonable doubt that the defendant is a member of the gang and has participated in acts intended to further the gang's unlawful purposes. *See Beasley*, 902 S.W.2d at 471; *Anderson*, 901 S.W.2d at 954.

As this breakdown of the various opinions in *Beasley* and *Anderson* discloses, only four judges were of the opinion that evidence of gang membership of the sort at issue in this cause is both relevant and admissible to prove the defendant's character. And, contrary to Goodman's argument, Judge Clinton did not write that

a defendant is entitled to an instruction limiting the jury's consideration of gang membership evidence to the character issue. Instead, Judge Clinton expressed the view that evidence of gang membership is *not* admissible character evidence, and that a jury should be instructed *not* to consider gang membership as character evidence. *See Beasley*, 902 S.W.2d at 462; *Anderson*, 901 S.W.2d at 951. Goodman's counsel was not ineffective for failing to request a limiting instruction to which Goodman has not shown himself entitled. Point of error two is overruled.

The judgment of conviction is affirmed.