COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 02-04-247-CR
 
 
GARY 
PAUL WESTON                                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        After 
he pled guilty, Appellant Gary Paul Weston, a former Rave employee, was 
convicted of the aggravated robbery of Kevin Dawn, a management trainee at the 
same Rave theater, and the jury assessed Appellant’s punishment at fifty 
years’ confinement in the Institutional Division of the Texas Department of 
Criminal Justice. The trial court sentenced him accordingly. In two points, 
Appellant contends that during the punishment phase, the trial court erred by 
admitting uncorroborated accomplice testimony about an extraneous offense and by 
excluding mitigation testimony offered by a defense witness. Because we hold 
that the trial court did not abuse its discretion concerning the admission and 
exclusion of the specified evidence, we affirm the trial court’s judgment.
        In 
his first point, Appellant contends that the trial court erred in admitting 
uncorroborated accomplice testimony during the punishment phase. This court has 
already joined other courts of appeal in holding that corroboration of 
accomplice testimony is not required in the punishment phase. That is, we have 
already held that article 38.14 of the Texas Code of Criminal Procedure does not 
apply to the admission of evidence in the punishment phase.[2]  
Consequently, we overrule Appellant’s first point.
        In 
his second point, Appellant contends that the trial court erred in excluding 
testimony by a defense witness that Appellant was not the only Rave employee who 
had disagreed with and disliked Michael Harris, the Rave manager. Michael Harris 
is not the complainant; Kevin Dawn is. The trial court therefore correctly held 
that the questions regarding whether Michael Harris was disliked by other Rave 
employees sought irrelevant evidence. We also note that the trial court 
indicated after Appellant put on his bill of exception that it would allow the 
question, “Would [Appellant] get particularly frustrated with Mr. Harris?”, 
and the State indicated that it would have no objection to that question being 
asked. Appellant chose not to bring the jury back in and put on the evidence. We 
overrule Appellant’s second point.
        Having 
overruled both of Appellant’s points, we affirm the trial court’s judgment.
   
  
                                                                  PER 
CURIAM
 
 
 
PANEL 
F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 23, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Kennedy v. State, No. 02-02-00376-CR, 2005 WL 249347, at *12 (Tex. 
App.—Fort Worth Feb. 3, 2005, no pet. h.); see also Salazar v. State, 
87 S.W.3d 680, 683 (Tex. App.—San Antonio 2002, no pet.); Megas v. State, 
68 S.W.3d 234, 242 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); Goodman 
v. State, 8 S.W.3d 362, 364 (Tex. App.—Austin 1999, no pet.); Johnson 
v. State, 969 S.W.2d 134, 135 (Tex. App.—Texarkana 1998, pet. ref'd).