Gary Paul Weston v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-04-247-CR

GARY PAUL WESTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After he pled guilty, Appellant Gary Paul Weston, a former Rave employee, was convicted of the aggravated robbery of Kevin Dawn, a management trainee at the same Rave theater, and the jury assessed Appellant’s punishment at fifty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In two points, Appellant contends that during the punishment phase, the trial court erred by admitting uncorroborated accomplice testimony about an extraneous offense and by excluding mitigation testimony offered by a defense witness.  Because we hold that the trial court did not abuse its discretion concerning the admission and exclusion of the specified evidence, we affirm the trial court’s judgment.

In his first point, Appellant contends that the trial court erred in admitting uncorroborated accomplice testimony during the punishment phase.  This court has already joined other courts of appeal in holding that corroboration of accomplice testimony is not required in the punishment phase.  That is, we have already held that article 38.14 of the Texas Code of Criminal Procedure does not apply to the admission of evidence in the punishment phase.
(footnote: 2)  Consequently, we overrule Appellant’s first point.

In his second point, Appellant contends that the trial court erred in excluding testimony by a defense witness that Appellant was not the only Rave employee who had disagreed with and disliked Michael Harris, the Rave manager.  Michael Harris is not the complainant; Kevin Dawn is.  The trial court therefore correctly held that the questions regarding whether Michael Harris was disliked by other Rave employees sought irrelevant evidence.  We also note that the trial court indicated after Appellant put on his bill of exception that it would allow the question, “Would [Appellant] get particularly frustrated with Mr. Harris?”, and the State indicated that it would have no objection to that question being asked.  Appellant chose not to bring the jury back in and put on the evidence.  We overrule Appellant’s second point.

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Kennedy v. State
,
 No. 02-02-00376-CR, 2005 WL 249347, at *12 (Tex. App.—Fort Worth Feb. 3, 2005, no pet. h.); 
see also Salazar v. State
, 87 S.W.3d 680, 683 (Tex. App.—San Antonio 2002, no pet.); 
Megas v. State
, 68 S.W.3d 234, 242 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); 
Goodman v. State
, 8 S.W.3d 362, 364 (Tex. App.—Austin 1999, no pet.); 
Johnson v. State
, 969 S.W.2d 134, 135 (Tex. App.—Texarkana 1998, pet. ref'd).