IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00280-CR

No. 10-04-00281-CR

 

John Rodgers,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court Nos. FSA-03-16,707
and FSA-03-16,708

 



Opinion



 








          A jury convicted John Rodgers of the aggravated
sexual assaults of two girls less than fourteen years’ old and assessed his
punishment at forty years’ imprisonment for each conviction.  Rodgers presents the
same two issues in each case, contending that the court committed egregious
error by failing to sua sponte instruct the jury on the State’s burden
of proof for extraneous offenses in the guilt-innocence charge and in the
punishment charge.  We will affirm.

          The indictments allege that Rodgers
committed each offense by causing the mouths of the complainants to contact his
sexual organ.  A sexual assault nurse examiner testified that one of the
complainants, M.E., told her that Rodgers had assaulted her in this manner
multiple times, that he had contacted her vagina with his mouth, and that he
had penetrated her vagina with his penis.[1]

          M.E. testified that Rodgers had forced
her to perform oral sex on him multiple times, but she did not testify about
other extraneous offenses.  The other complainant, C.S., also testified that
Rodgers had forced her to perform oral sex on him, but she never responded to
the prosecutor’s questions about whether Rodgers forced her to do this more
than once.  Nor did C.S. testify about extraneous offenses.

          Rodgers offered in evidence a Child
Protective Services file which reflected that CPS had first investigated the
complainants’ mother for suspicion of child abuse and neglect in 1998, two and
one-half years before the offenses for which Rodgers was convicted.  Among
other things, the CPS file reflects allegations that one of the complainants
had been sexually molested on a prior occasion, that one of them witnessed her
mother engaged in sexual intercourse, and that one of them slept in the same
bed with her mother “and [her mother’s] partner” while they were naked.  The
file also documents CPS’s investigation after the allegations against Rodgers
were made and contains the complainants’ allegations of the offenses for which
Rodgers was convicted and extraneous offenses he committed against them.

 

 

Guilt-Innocence Charge

          Rodgers contends in his second issue
that he suffered egregious harm because the court failed to sua sponte
instruct the jury in the guilt-innocence charge that it could not consider
evidence of extraneous offenses unless the jury was satisfied that the
extraneous offenses had been proved beyond a reasonable doubt.

          [The Court of Criminal Appeals] has
held for many decades that “when evidence of collateral crimes is introduced
for one of the various purposes for which such evidence becomes admissible, the
jury should be instructed that they cannot consider against the defendant such
collateral crimes, unless it has been shown to their satisfaction that the
accused is guilty thereof.”  In other words, a jury should be instructed that
they are not to consider extraneous act evidence unless they believe beyond a
reasonable doubt that the defendant committed that act.   

 

Ex parte Varelas, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001)
(citations omitted).

          In the punishment phase, article
37.07, section 3(a)(1) similarly permits the fact-finder to consider evidence
of extraneous offenses only if “shown beyond a reasonable doubt by evidence to
have been committed by the defendant or for which he could be held criminally
responsible.”  Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004–2005).

          The Court of Criminal Appeals has
considered the impact of this statute on the punishment charge and has
concluded that it requires the inclusion of a reasonable doubt instruction in
the punishment charge regardless of whether the defendant requests it or objects
to its omission.  See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).

          While extraneous-offense and bad-act
evidence is generally admissible at punishment under section 3(a), we have
recognized in unequivocal terms the circumstances in which it can be considered
by the jury:

 

          [E]vidence [of extraneous
bad acts and offenses] may not be considered in assessing punishment
until the fact-finder is satisfied beyond a reasonable doubt that [such acts
and offenses] are attributable to the defendant. [emphasis supplied] Once
this requirement is met, the fact-finder may use the evidence however it
chooses in assessing punishment.

 

          While section 3(a) says nothing about
the submission of a jury instruction to this effect, such instruction is
logically required if the jury is to consider the extraneous-offense and bad
act evidence under the statutorily prescribed reasonable-doubt standard. 
Absent such instruction, the jury might apply a standard of proof less than
reasonable doubt in its determination of the defendant’s connection to such
offenses and bad acts, contrary to section 3(a).  Section 3(a)’s requirement
that the jury be satisfied of the defendant’s culpability in the extraneous
offenses and bad acts is thus “law applicable to the case” in the non-capital
punishment context.  As this was “law applicable to the case” appellant was not
required to make an objection or request under section 3(a) in order for the trial
court to instruct the jury thereunder.   

 

Id.
(quoting Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999)) (citations
omitted) (footnotes omitted).

          As indicated by Huizar, the
court’s charge must instruct the jury on the “law applicable to the case”
regardless of the defendant’s request or objection.  See id. at 484; see
also Tex. Code Crim. Proc. Ann.
art. 36.14 (Vernon Supp. 2004–2005).  Conversely, the Court of Criminal Appeals
has historically required a defendant to request a reasonable doubt instruction
on evidence of extraneous offenses (or object to its omission) before
complaining on appeal that same was omitted from the guilt-innocence charge.  See
Varelas, 45 S.W.3d at 631-32; George v. State, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994); accord Rodriguez v. State, 137 S.W.3d 228, 231 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

          According to our research, the Court
of Criminal Appeals has not considered whether this requirement should continue
in light of its holding in Huizar.  See Rodriguez, 137 S.W.3d at
231.  For the reasons which follow, we hold that the common law requirement
that extraneous offenses admitted at guilt-innocence be shown beyond a
reasonable doubt is the law applicable to the case when evidence of extraneous
offenses is admitted and the trial court must so instruct the jury in the
guilt-innocence charge regardless of whether the defendant requests such an
instruction or objects to its omission.

          The “law applicable to the case” generally
includes statutes which apply to the facts of a particular case.  See e.g.
Huizar, 12 S.W.3d at 484 (“[art. 37.07, § 3(a)’s] requirement that the jury
be satisfied of the defendant’s culpability in the extraneous offenses and bad
acts is thus ‘law applicable to the case’”); Arline v. State, 721 S.W.2d
348, 352 n.4 (Tex. Crim. App. 1986) (“a statutorily defined word or phrase must
be included in the charge as part of the ‘law applicable to the case’”); Goodman
v. State, 8 S.W.3d 362, 364 (Tex. App.—Austin 1999, no pet.) (“When a
witness who is an accomplice as a matter of law gives testimony to which
article 38.14 applies, the statutorily required instruction is ‘law applicable
to the case.’”).

          Sometimes, the common law serves as a
basis for the “law applicable to the case.”  See Gray v. State, 152
S.W.3d 125, 131 (Tex. Crim. App. 2004) (“Under our caselaw, this charge[2]
instructed the jury on the law applicable to the case.”).

          However, defensive issues (even if
statutorily-defined) do not constitute the “law applicable to the case” unless
the defendant makes them so by presenting evidence to support their submission
in the charge and by requesting their inclusion in the charge.  See Huizar,
12 S.W.3d at 484 n.7 (citing Posey v. State, 966 S.W.2d 57, 62 (Tex.
Crim. App. 1998)).  In the same manner, limiting instructions regarding
evidence of extraneous offenses do not constitute the “law applicable to the
case” unless such instructions are requested by the party seeking to restrict
the jury’s consideration of the evidence to its admissible purpose.  See
Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001).

          These two categories of issues and
instructions for which requests are required rest largely on strategic choices
made by defense counsel.  Defense counsel must familiarize himself with the
facts of the client’s case, identify any particular defenses which may be
applicable to the facts, and develop a strategy to present the applicable
defenses at trial.  With regard to evidence of extraneous offenses, effective
counsel will obtain pre-trial notice of those extraneous offenses which the
State intends to prove at trial.  See Loredo v. State, 157 S.W.3d 26, 29-30
(Tex. App.—Waco 2004, pet. ref’d).  Counsel must then plan a trial strategy to
confront this evidence and be prepared to promptly request an instruction from
the court limiting the evidence to its admissible purpose.  See Hammock,
46 S.W.3d at 893-94.

          Unlike these two categories of issues
and instructions which will vary depending on the facts of the case, the
requirement that extraneous offenses admitted at the guilt-innocence phase be
shown beyond a reasonable doubt is a common law requirement applicable to any
case in which evidence of extraneous offenses is admitted.  See Varelas,
45 S.W.3d at 631.  The foundation for this requirement is quite similar to that
for extraneous offenses admitted at punishment.  Compare id. (jurors “are
not to consider extraneous act evidence unless they believe beyond a reasonable
doubt that the defendant committed that act”) with Huizar, 12 S.W.3d at
484 (“[E]vidence [of extraneous bad acts and offenses] may not be considered
in assessing punishment until the fact-finder is satisfied beyond a reasonable
doubt that [such acts and offenses] are attributable to the defendant.”).

          In fact, it appears that the common
law predating the enactment of the current version of article 37.07, section
3(a)(1) served as the source for the beyond-a-reasonable-doubt burden of proof
the Legislature incorporated in that statute.  See Edward L. Wilkinson, Punishment
Evidence: Grunsfeld Ten Years Later, 35 St. Mary’s L.J. 603, 667-68 &
n.363 (2004) (citing Mitchell v. State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (plurality)).

          In Mitchell, a plurality of the
Court of Criminal Appeals addressed the relationship between extraneous
offenses admitted at guilt-innocence and those admitted at punishment.

          [T]he use of extraneous offenses
during the punishment phase should be analogous to that of the guilt/innocence
phase of a trial regarding burden of proof.  The use of evidence of extraneous
offenses during the guilt/innocence phase is used to prove “motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident.”  During the punishment phase, evidence of an extraneous
offense is offered to assist the trial court or the jury in determining
punishment.  When evidence of extraneous offenses has been offered, regardless
of the respective phase of a trial, the law requires that it be proved
beyond a reasonable doubt that the defendant committed the said extraneous
offenses, or is at least criminally responsible for its commission.

 

Mitchell, 931 S.W.2d at 954 (emphasis added).[3]

 

          “[T]he law requires” that extraneous
offenses be proved beyond a reasonable doubt.  Id.  This requirement is
more compelling during the guilt-innocence phase than during the punishment
phase because the defendant’s presumption of innocence is still intact.  Cf.
Delo v. Lashley, 507 U.S. 272, 278, 113 S. Ct. 1222, 1226, 122 L. Ed. 2d 620
(1993) (per curiam) (“Once the defendant has been convicted fairly in
the guilt phase of the trial, the presumption of innocence disappears.”).  Thus,
“[a] defendant is ‘entitled to be
tried on the accusations made in the State’s pleading and he should not be
tried for some collateral crime or for being a criminal generally.’”  Varelas,
45 S.W.3d at 630 (quoting Wilkerson v. State, 736 S.W.2d 656, 659 (Tex.
Crim. App. 1987)).  For this reason, it is imperative that the jury be
instructed that it cannot consider evidence of an extraneous offense unless the
jurors “believe beyond a reasonable doubt that the defendant committed that
act.”  See id. at 631.

          Accordingly, the requirement that
extraneous offense be proved beyond a reasonable doubt is the “law applicable
to the case” when evidence of extraneous offenses is admitted during the
guilt-innocence phase.  “As this was ‘law applicable to the case,’ appellant
was not required to make an objection or request . . . in order for the trial
court to instruct the jury” on this requirement.  See Huizar, 12 S.W.3d at
484; contra Rodriguez, 137 S.W.3d at 230-31.

          The First Court of Appeals has
suggested that there is a division among the intermediate courts of appeals on
this issue.  See Rodriguez, 137 S.W.3d at 231.  Although we agree that
the courts are divided on this issue, we believe the First Court misread some
of the opinions in question.  According to the First Court, the San Antonio and Dallas Courts have extended Huizar to the guilt-innocence charge,
while the Amarillo and Fourteenth Courts have (like the First Court) held that it
does not apply.

          The Amarillo and Fourteenth Courts
have reached the same conclusion as the First Court that a trial court is not
required to sua sponte submit a reasonable doubt instruction on
extraneous offenses in the guilt-innocence charge.  See Gilbert v. State,
2003 Tex. App. LEXIS 8158 at **11-12 (Tex. App.—Houston [14th Dist.] Sept. 23,
2003, no pet.) (mem. op.); Salazar v. State, 2002 Tex. App. LEXIS 1335
at **9-11 (Tex. App.—Amarillo Feb. 21, 2002, pet. ref’d) (not designated for
publication).

          The First Court suggests that the San Antonio Court has held the trial court does have such a sua sponte obligation.  See
Rodriguez, 137 S.W.3d at 231 (citing Chapa v. State, 2003 Tex. App. LEXIS 2091 at **3-5 (Tex. App.—San Antonio Mar. 12, 2003, pet. ref’d) (mem.
op.)).  However, the San Antonio Court agreed with the appellant in Chapa
only on the issue “that the trial court erred in failing to
instruct the jury as to reasonable doubt at the punishment phase.”  Chapa,
2003 Tex. App. LEXIS 2091 at *5 (emphasis added).  Although some of the
language employed by the San Antonio Court makes its discussion unclear, it
appears that the emphasis in that decision was on the necessity of a reasonable
doubt instruction in the punishment charge when evidence of extraneous offenses
was admitted during the guilt-innocence phase.  Id. at *4 (“We assume
that Huizar applies to extraneous offenses offered at both stages of
trial.”) (citing Allen v. State, 47 S.W.3d 47, 50-51 (Tex. App.—Fort
Worth 2001, pet. ref’d)).[4] 
Thus, it does not appear that the San Antonio Court has yet decided whether the
trial court must sua sponte submit a reasonable doubt instruction on
extraneous offenses in the guilt-innocence charge.

          The Dallas Court likewise has not
plainly stated that a trial court must do so.  In Carter, the Dallas Court reviewed a pro se response to an Anders brief[5]
which raised the issue in the context of an ineffective assistance of counsel
claim.  See Carter v. State, 2004 Tex. App. LEXIS 11539 at **1-3 (Tex. App.—Dallas Dec. 28, 2004, no pet.).  The Dallas Court concluded that this was an
“arguable issue” and remanded the appeal to the trial court for the appointment
of new counsel to file a brief on the merits.  Id. at **8-9.  The Dallas
Court suggested that new “counsel should discuss the lack of jury instructions
regarding the burden of proof for evidence of extraneous offenses introduced at
trial and any other grounds that might arguably support the appeal.”  Id.  However, the Dallas Court has not reached the merits of this issue.[6]

          We disagree with the courts which have
concluded that a trial court has no sua sponte duty to submit a
reasonable doubt instruction on evidence of extraneous offenses in the
guilt-innocence charge when such evidence is admitted.  We hold that the
requirement that extraneous offenses be proved beyond a reasonable doubt is the
“law applicable to the case” when evidence of extraneous offenses is admitted
during the guilt-innocence phase.  “As this was ‘law applicable to the case,’
appellant was not required to make an objection or request . . . in order for
the trial court to instruct the jury” on this requirement.  See Huizar,
12 S.W.3d at 484; contra Rodriguez, 137 S.W.3d at 231; Gilbert,
2003 Tex. App. LEXIS 8158 at *12; Salazar, 2002 Tex. App. LEXIS 1335 at
**10-11.

          Here, the evidence of extraneous
offenses was provided by the testimony of the sexual assault nurse examiner and
by the information about the allegations against Rodgers contained in the CPS
file, both of which referred to sexual assaults committed against the
complainants in a manner other than alleged in the indictment.[7] 
Because evidence of extraneous offenses was admitted during the guilt-innocence
phase, the trial court had a duty to sua sponte submit an instruction in
the guilt-innocence charge that this evidence could not be considered unless
the jurors were convinced beyond a reasonable doubt that Rodgers had committed
the extraneous offenses shown.  Because the court failed to submit such an
instruction, we must conduct a harm analysis.

          In Rodriguez, Gilbert,
and Salazar, the courts did not conduct harm analyses because they found
no error in the charge.  See Rodriguez, 137 S.W.3d at 231; Gilbert,
2003 Tex. App. LEXIS 8158 at *12; Salazar, 2002 Tex. App. LEXIS 1335 at
*10-11.  Conversely, the Texarkana Court, even though it did not hold that a
trial court has a sua sponte duty to submit a reasonable doubt instruction
in the guilt-innocence charge regarding evidence of extraneous offenses, did
review the record to see whether the appellant had suffered “egregious harm”
under Almanza[8]
because of the trial court’s failure to submit such an instruction.  See
Shanks v. State, 13 S.W.3d 83, 87 (Tex. App.—Texarkana 2000, no pet.).

          Rodgers concedes that because he failed
to object to this omission he cannot obtain reversal unless he suffered
“egregious harm.”  See Tex. Code
Crim. Proc. Ann. art. 36.19 (Vernon 1981); Shanks, 13 S.W.3d at
87; see also Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985).  The issue is whether Rodgers was harmed by the improper omission of the
instruction, not by the admission of evidence of extraneous offenses.  See
Ellison v. State, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002).  In
evaluating harm, we consider “the entire jury charge, the state of the
evidence, including contested issues and weight of probative evidence, the
argument of counsel and any other relevant information revealed by the record
of the trial as a whole.”  Almanza, 686 S.W.2d at 171; Martin, 42
S.W.3d 196, 200 (Tex. App.—Fort Worth 2001, pet. ref’d); accord Ellison,
86 S.W.3d at 228.

          The evidence in question was admitted
through the testimony of the sexual assault nurse examiner and notations in the
CPS file.  However, the references to the extraneous offenses in the CPS file
were not mentioned in testimony.  Neither party otherwise emphasized the
extraneous offense evidence in testimony or argument, although Rodgers’s
counsel encouraged the jury to review the CPS file in support of the defense’s
theory that the complainants were exposed to inappropriate sexual behavior by
their mother and her paramours and were never sexually assaulted by Rodgers. 
The State responded by “inviting” the jury to look at the CPS file because the
State was “not going to hide anything.”  The State encouraged the jury to
consider the CPS file and see (1) the difficulties the complainants’ mother was
experiencing during the pertinent time periods, (2) the fact that none of the
allegations against her were substantiated, and (3) the fact that the children
were never removed from her care by CPS.

          Because Rodgers admitted the CPS file
in evidence without redaction or limitation, because neither party placed
emphasis on the evidence of extraneous offenses contained in the CPS file, and
because neither party made further reference to the brief testimony of the
sexual assault nurse examiner regarding extraneous offenses against M.E., we
cannot say that Rodgers suffered “egregious harm” because of the court’s
failure to submit a reasonable doubt instruction with regard to the evidence of
extraneous offenses admitted during the guilt-innocence phase.  See Martin,
42 S.W.3d at 201 (no egregious harm where “any consideration of those bad acts
by the jury in assessing punishment was at least partially prompted by defense
counsel’s urging”).  Accordingly, we overrule Rodgers’s second issue.

Punishment Charge

          Rodgers contends in his first issue
that he suffered egregious harm because the court failed to sua sponte
instruct the jury that it could not consider evidence of extraneous offenses in
assessing punishment unless the jury was satisfied that the extraneous offenses
had been proved beyond a reasonable doubt.

          The court erred by failing to sua
sponte submit a reasonable doubt instruction regarding evidence of
extraneous offenses in the punishment charge.  Ellison, 86 S.W.3d at
227; Huizar, 12 S.W.3d at 484.  Because there was no request or
objection, the only issue to be determined is whether this error caused Rodgers
to suffer “egregious harm.”  Ellison, 86 S.W.3d at 228; Martin,
42 S.W.3d at 200.

          Here, Rodgers’s 40-year sentences were
significantly less than the 70-year sentences sought by the State.  See
Tabor v. State, 88 S.W.3d 783, 789 (Tex. App.—Tyler 2002, no pet.) (no
egregious harm where jury sentenced defendant to 15-year sentence though State
argued for maximum 20-year sentence).  As with the guilt-innocence phase, the
prosecutor did not refer to the evidence of extraneous offenses in his
punishment argument.  See Bolden v. State, 73 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (no egregious harm where prosecutor did not
emphasize evidence of extraneous offense in argument); cf. Allen, 47
S.W.3d at 52-53 (no egregious harm even though prosecutor placed great emphasis
on evidence of extraneous offenses).  Finally, we note again that Rodgers was
the primary source for the evidence in question because he offered the CPS file
in evidence.  See Martin, 42 S.W.3d at 201 (no egregious harm where
defense counsel prompted jury to consider extraneous offenses).

            Accordingly,
we cannot say that Rodgers suffered egregious harm because of the court’s failure to submit a reasonable doubt instruction
in the punishment charge concerning evidence of extraneous offenses admitted
during the guilt-innocence phase.  Thus, we overrule Rodgers’s first issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring in the judgment without a separate opinion)

Affirmed

Opinion delivered and
filed October 26, 2005

Publish

[CRPM]









[1]
          This witness read the
complainant’s comments to the jury from the “sexual assault exam paperwork”
which was marked as State’s Exhibit No. 1 but never offered in evidence.





[2]
          The charge at issue in Gray
instructed the jury on the “synergistic effect” of multiple intoxicants in a
case in which the information alleged only alcohol as an intoxicant.  See
Gray v. State, 152 S.W.3d 125, 131 (Tex. Crim. App. 2004).





[3]
          As noted, Mitchell is a
plurality opinion.  The lead opinion in Mitchell was joined by only 1
judge; 1 judge did not participate in the decision; 3 judges concurred in the
judgment but not the opinion; and 3 judges dissented.  See Mitchell v. State,
931 S.W.2d 950, 950 (Tex. Crim. App. 1996) (plurality).  The lead opinion was
quoted with approval in Vareles.  See Ex parte Varelas, 45 S.W.3d
627, 631 (Tex. Crim. App. 2001).  In reviewing the opinions of the concurring
judges in Mitchell, it does not appear that these judges took issue with
the section of the lead opinion quoted herein.  See Mitchell, 931 S.W.2d
at 954-57 (Clinton, J., concurring; Meyers, J., concurring) (Judge Maloney
joined Judge Meyers’s concurring opinion).





[4]
          The Fort Worth Court held in Allen:

 

            If extraneous offense
or bad acts evidence is before the jury, regardless of whether such evidence
was introduced at the guilt-innocence or punishment phase, article 37.07,
section 3(a) requires that the jurors be instructed not to consider such
extraneous offenses or bad acts in assessing the defendant’s punishment unless
they find the defendant culpable for such offenses or acts under the
statutorily prescribed reasonable-doubt standard.

 

Allen v. State, 47 S.W.3d 47, 50 (Tex. App.—Fort Worth 2001,
pet. ref’d).   

 





[5]
          See Anders v. Cal., 386 U.S. 738, 744, 87 S. Ct. 1396, 1400,18 L. Ed. 2d 493 (1967).

 





[6]
          For reasons unknown, newly
appointed counsel in Carter chose not to raise this “arguable issue” on
resubmission.  See Carter v. State, 2005 Tex. App. LEXIS 6866 at *1 n.1
(Tex. App.—Dallas Aug. 24, 2005, no pet. h.).

 





[7]
          The testimony that Rodgers
sexually assaulted the complainants in the manner alleged in the indictment on
more than one occasion does not constitute evidence of extraneous offenses.  See
Shea v. State, 167 S.W.3d 98, 104 (Tex. App.—Waco 2005, pet. filed).

 





[8]
          Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985).