NUMBER 13-09-00606-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ADRIAN DE LEON,                                                                       Appellant, 

 

  v.

 

THE STATE OF TEXAS,                                  
                   Appellee.

                                                                                                                     
  

 

On appeal from the 404th
District Court 

of Cameron County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes   

Memorandum Opinion by
Justice Perkes 

 

            Appellant,
Adrian De Leon, appeals his conviction for twenty counts of possession of child
pornography, a third-degree felony.  See Tex. Penal Code Ann. § 43.26(a) (West 2003).  A jury found
appellant guilty and determined his punishment.  Pursuant to the trial court’s authority
to cumulate sentences, the trial court sentenced appellant to two consecutive
three-year sentences in the Institutional Division, Texas Department of
Criminal Justice (counts seven and fourteen, respectively), followed by two
years of confinement in county jail and ten years of community supervision
(remaining eighteen counts).  Pursuant to the jury’s verdict, the trial court also
assessed a fine totaling $180,000.00, representing $10,000 per count for the
eighteen counts.  

By
seven issues, appellant argues:  (1) the evidence was insufficient to show he
knowingly or intentionally possessed child pornography; (2) the trial court’s
admission of five sexually explicit internet chat transcripts into evidence was
erroneous under Texas Rules of Evidence 403 and 404(b); (3) the trial court’s admission
of explicit photographs of appellant into evidence was erroneous under Texas
Rules of Evidence 403 and 404(b); and (4) he received ineffective assistance of
trial counsel.  We affirm. 

I.  FACTUAL
AND PROCEDURAL BACKGROUND

Appellant and his brother, Jesus De Leon,
lived with their mother.  Jesus was arrested for sexually assaulting his
nine-year-old niece after his ex-girlfriend turned in a copy of a video of the
crime to law enforcement.  Appellant’s mother consented to a search of her
house when law enforcement asked to search.  The police were looking for the
original video and any other copies of it.  Appellant’s computer was found in his
bedroom and was seized during the search.    

Appellant’s computer contained child
pornography.  Nineteen of the twenty files of child pornography at issue in
this case were saved in a folder on the computer labeled “AD’s files.”  As
described in the State’s brief, “AD’s files” contained “graphic and horrific
sex acts involving young boys.”  

Law enforcement officials contacted
appellant to ask him about the contents of his computer.  Appellant gave the
police a voluntary written statement, which was admitted into evidence at trial. 
In the statement, appellant described various items of child pornography
involving underage females on his computer, but said Jesus owned and downloaded
it.  Appellant also said he asked Jesus to remove the child pornography, but neither
verified that Jesus removed it, nor removed it himself.   

At trial, Jesus testified he was
bisexual and that all of the child pornography belonged to him.  Jesus
testified he was the primary user of the computer and that although appellant
sometimes used it, appellant was never home.  Jesus testified he tried to hide
his child pornography “deep” in the computer, so family members would not find
it.  He testified that in hiding the child pornography, he would not have saved
it with an obvious file name that would show the file contained child
pornography.  

Appellant testified in his own defense. 
He denied that he used the computer frequently, denied that any of the adult or
child pornography belonged to him, and denied that he downloaded adult
pornography onto the computer.  Appellant also denied the veracity of the
voluntary statement he gave police, and testified the law-enforcement agents
who interviewed him lied at trial when they testified his statement was not
coerced.  Appellant initially denied he admitted to them that he had seen any
child pornography on the computer.  He testified he falsely described to law
enforcement child pornography he had seen on the computer belonging to Jesus
because one of the officers threatened action against his mother because the
internet service was in her name.  Appellant admitted his screen name on
instant-messaging programs was “Crystalblast.”  

The State responded by introducing five
internet “chat” transcripts.  These transcripts showed that appellant used the computer
extensively; that there were no saved transcripts on the computer for Jesus;
and that he used adult pornography on the computer.  Nothwithstanding that the
chat transcripts contained multiple identifiers that showed appellant, not
Jesus, was Crystalblast, appellant denied having ever seen these chats or that
he was the person who chatted under the name “Crystalblast.”[1] 
Appellant also denied any familiarity with the folder labeled “AD’s files.” 
The State responded further by introducing eight graphic photographs of appellant
found on the computer.  These photographs showed appellant in various poses
that included him smiling, opening his shirt, and showing his anus and
genitals.  

On redirect examination, appellant
denied having ever seen the chats before, and testified Yahoo Messenger
required no log in, so anyone using the computer could have chatted as
“Crystalblast.”  He also testified Jesus knew his identifying information that
appeared in the chat transcripts.  The defense emphasized that in one of the
chat transcripts, “Crystalblast” admitted he was appellant’s brother, chatting
under appellant’s screen name.  In that message, Jesus stated appellant was
“gay,” but that he was not.

The State’s theory of the case was that
appellant was homosexual and interested in child pornography showing males, and
that Jesus was interested in underage females.  A detective from the
Brownsville Police Department Sex Crimes Unit testified as an expert witness at
trial that in his opinion, appellant was a pedophile, though the detective did
not believe appellant had ever molested a child.  The detective testified that,
based on his conversation with appellant, appellant was interested in “young
males,” and that it was clear from photographs and video that Jesus was
interested in “little girls.”    

II.    issues presented

            Appellant presents seven issues for review:  (1–2)
whether the evidence is factually and legally insufficient to show appellant
knowingly or intentionally possessed child pornography when the evidence
allegedly showed the child pornography belonged to appellant’s brother, Jesus;
(3–4) whether the trial court’s admission of five transcripts of sexually
explicit chats, found on appellant’s computer, violated Texas Rules of Evidence
403 and 404(b); (5–6) whether the trial court’s admission of photographs of
appellant “naked and/or exposing his genitals, penis and anus” violated Texas
Rules of Evidence 403 and 404(b); and (7) whether trial counsel’s failure to
object to the admission of the sexually explicit chats in evidence was
ineffective assistance of trial counsel.

III.   STANDARD OF REVIEW

We review a sufficiency challenge styled
as a “factual sufficiency” challenge or a “legal sufficiency” challenge under
the Jackson v. Virginia sufficiency standard.  See Jackson v.
Virginia, 443 U.S. 307, 318–19 (1979); Brooks v. State, 323 S.W.3d
893, 894 (Tex. Crim. App. 2010) (plurality op.); Ervin v. State, 331
S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d).  “It bears
emphasizing that a rigorous and
proper application of the Jackson v. Virginia legal-sufficiency standard
is as exacting a standard as any factual-sufficiency standard (especially one
that is ‘barely distinguishable’ or indistinguishable from a Jackson v.
Virginia legal-sufficiency standard).”  Brooks, 323 S.W.3d at 906.  

Under this standard, when conducting an evidentiary
sufficiency review, a reviewing court must ask whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt—not whether it believes the evidence at trial established guilt
beyond a reasonable doubt.  Id. at 894; Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  In doing so, we assess all of the
evidence in the light most favorable to the prosecution.  Laster, 275
S.W.3d at 517 (quoting Jackson, 443 U.S. at 319).  We must presume that
the fact finder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson, 443 U.S. at 326.  The jury may
believe all, part, or none of any witness’s testimony.  State v. Mercier,
164 S.W.3d 799, 813–14 (Tex. App.—Corpus Christi 2005, pet. ref’d); Moody v.
State, 830 S.W.2d 698, 699–700 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d).  The jury resolves questions about the credibility of witnesses and the
weight to be given to their testimony.  Mercier, 164 S.W.3d at 813–14; Moody,
830 S.W.2d at 700.  Conflicts in testimony do not require reversal of a
conviction when there is enough credible testimony to support the conviction.  Moody,
830 S.W.2d at 700.

A trial court’s ruling on the
admissibility of evidence is reviewed under an abuse-of-discretion standard.  Moses
v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  If the trial court's
ruling was within the zone of reasonable disagreement, there is no abuse of
discretion.  Id.  Rarely should the trial court’s decision be reversed
and only after a clear abuse of discretion.  Id.

 

 

IV.  discussion

A.  
 The Evidence Is Sufficient To Sustain Appellant’s
Conviction

By his first and second issues,
appellant argues the evidence is insufficient to show he knowingly or
intentionally possessed child pornography because the evidence shows the child
pornography belonged to his brother, Jesus.  We disagree.

We measure the sufficiency of the
evidence by the elements of the offense as defined by a hypothetically correct
jury charge.  Villarreal v. State, 286
S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997)).  Such a charge is one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof, or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Id.  

A
person commits the offense of possession of child pornography if the person
knowingly or intentionally possesses material that visually depicts a child, younger
than eighteen years of age at the time that the image of the child was made,
who is engaging in sexual conduct, and the person knows that the material
depicts such a child.  Tex. Penal Code
Ann. § 43.26(a).  A person possesses a thing when he exercises actual
care, custody, control, or management of it.  Id. § 1.07(a)(39) (West
2003).

A
person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist or when he is aware that
his conduct is reasonably certain to cause the result.  Id. § 6.03(b).  A
person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.  Id. § 6.03(a).  

Proof
of a culpable mental state almost invariably depends upon circumstantial
evidence.  See Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App.
1991).  A jury can infer knowledge from all the circumstances, including
the acts, conduct, and remarks of the accused and the surrounding
circumstances.  See Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim.
App. 1978).

            Viewing
the evidence in the light most favorable to the jury’s verdict, we conclude it
is sufficient to sustain appellant’s conviction as to all twenty counts of
possession of child pornography.  Nineteen of the twenty counts concerned files
saved in “AD’s files” on appellant’s computer.  A rational jury could conclude appellant
possessed the contents of “AD’s files” because the folder bore his initials.  The
remaining file (count fourteen) was saved in a folder called “Tsunami Filter
Pack.”  FBI Agent Greg Waterson testified appellant identified “Tsunami Filter
Pack” to him as a file that contained child pornography which he asked Jesus to
remove.  By his voluntary statement, appellant admitted he knew there was child
pornography on his computer and that he had not removed it.  All but one of the
twenty files for which appellant was convicted were saved with file names that
indicated the files contained child pornography.  Thus, the file names undermined
Jesus’s testimony that all of the the child-pornography files were his files,
and that he saved them deep in the computer with file names that did not
suggest their illegal content.  

The
jury was free to disbelieve appellant’s denial that he knew about child
pornography on his computer, particularly because the chat transcripts and
photographs admitted in evidence showed appellant was not being truthful when
he testified he did not have adult or child pornography on his computer.  The
extensive chat transcripts and photographs also undermined appellant’s
testimony that he rarely used the computer. The expert testimony that appellant
was interested in young males also supported appellant’s conviction, as did
expert testimony and a chat transcript reflecting that Jesus was interested in
females and was heterosexual.  It is undisputed that the child pornography for
which appellant was convicted involved underage males.  Because the evidence is
sufficient to show appellant knowingly or intentionally possessed child
pornography, as alleged in this case, we overrule appellant’s first and second
issues. 

B.  
 Appellant’s Evidentiary Issues Do Not Entitle Him To Relief

            We first consider the extent to which appellant
preserved error regarding his complaints about the trial court’s evidentiary
rulings.  See Haley v. State, 173 S.W.3d 510, 525 (Tex. Crim. App. 2005). 
We do not reach appellant’s complaints that the admission of the chat
transcripts violated Texas Rules of Evidence 403 and 404(b) (issues 3 and 4)
because, as appellant acknowledges in his appellate brief, these complaints
were not made in the trial court, and thus they have not been preserved for
appellate review.  See Tex. R.
App. P. 33.1(a); Tex. R. Evid.
103(a)(1).  Likewise, we do not reach appellant’s complaint that the admission
of the photographs of him violated Rule 403 (issue 6), because only a Rule
404(b) objection was made in the trial court to the admission of the
photographs.  See Johnston v. State, 145 S.W.3d 215, 220 n. 13 (Tex.
Crim. App. 2004) (holding a Rule 404(b) objection does not preserve error for a
Rule 403 complaint); Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim.
App. 1997) (same).

            By his fifth issue, appellant argues under
Rule 404(b) that the trial court erred by admitting the photographs of
appellant “naked and/or exposing his genitals, penis and anus” because the
photographs were not relevant and did not tend to prove any element of the
offense charged.  According to appellant, the photographs were prohibited
character evidence.  The State urged that the photographs impeached appellant’s
claim he lacked knowledge of any pornographic photographs on the computer.  The
trial court ruled that the photographs were admissible under Rule 404(b) to
show knowledge.  In response to a direct question from appellant’s trial
counsel, the trial court explained the photographs showed knowledge of
photographs of naked bodies and knowledge of how to “download this information into
a computer.”  

            It is a firmly-rooted
principle of criminal law that an accused can only be tried for the offense
charged and not for being a bad person or a criminal generally.  Hudson v.
State, 112 S.W.3d 794, 800 (Tex. App.—Houston [14th Dist.] 2003,
pet. ref’d) (citing Montgomery v. State, 810 S.W.2d 372, 386 (Tex. Crim.
App. 1990) (op. on reh’g)).  Extraneous-offense evidence of other crimes,
wrongs, or acts may not be admitted in order to show that the defendant acted
in conformity with the bad character.  Tex.
R. Evid. 404(b).  

            Extraneous-offense evidence, if relevant
apart from proving character conformity, may be admitted for other purposes
including proving motive, opportunity, intent, preparation, plan, knowledge,
identity, absence of mistake, or accident.  Id.; Moses, 105
S.W.3d at 626.   Such evidence is admissible under Rule 404(b) when it is
relevant to an elemental fact in a criminal case.  Rankin v. State, 974
S.W.2d 707, 709–10 (Tex. Crim. App. 1996).  Extraneous-offense evidence that
has relevance apart from character conformity may also be admissible to rebut a
defensive theory.  See Tex. R.
Evid. 404(b); Moses, 105 S.W.3d at 626 n.4, 628; Ransom v.
State, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994); see
also Bargas v. State,
252 S.W.3d 876, 890–91 (Tex. App.—Houston [14th Dist.] 2008, no pet.)
(discussing relevance of extraneous-offense evidence offered for non-character
purposes in the context of Rule 404(b)).  

The State was required to prove
appellant knowingly or intentionally possessed child pornography.  See Tex. Penal Code Ann. § 43.26(a).  To
prove possession, the State had to prove appellant exercised actual care,
custody, control, or management of the child pornography.  Id. §
1.07(a)(39).  All of the child pornography in question was on appellant’s
computer.  From appellant’s opening statement, continuing in his cross- and
direct- examination of witnesses, the defense presented to the jury that the
child pornography actually belonged to Jesus.  The defense presented to the
jury that Jesus even posed as appellant and engaged in sexually-explicit chats
while doing so.  According to the defense, appellant rarely used the computer
and in his testimony, appellant repeatedly denied knowledge of any adult or
child pornography on the computer.  

In Krause
v. State, the First Court of Appeals addressed whether photographs and
images of a criminal defendant with his genitals exposed were relevant in his
trial for possession of child pornography.  243 S.W.3d 95, 105 (Tex.
App.—Houston [1st Dist.] 2007, pet. ref’d) (addressing relevance of photographs
in the context of a Rule 403 analysis).  The photographs and the child
pornography were both on Krause’s computer and compact discs, but Krause argued
a virus or another computer user placed the child pornography on these
devices.  Id.  at 106.  The appellate court concluded that because at
least two of the photographs were both on his laptop and an external drive,
unlike the other evidence in the case, the photographs of appellant were
probative to show knowing possession of child pornography because appellant
transferred the photographs from one medium to another.  Id.  The court
explained the photographs of Krause linked him to the child pornography and were
relevant to show intent.  Id.  

As
in Krause, the photographs of appellant were relevant for the
non-character purposes of linking appellant to the child pornography on his
computer and showing intent.  Under the facts presented, the photographs of
appellant were admissible to show knowledge and more specifically, that
appellant knowingly or intentionally exercised care, custody, control or
management of pornographic images on the computer, despite the defensive theory
to the contrary that appellant rarely used the computer and never used it in
connection with pornographic images, let alone child pornography.  See id.;
Bargas, 252 S.W.3d at 892.  We cannot say the trial court abused its
discretion by admitting the photographs in evidence.  See Moses, 105
S.W.3d at 627–28.  Accordingly, we overrule appellant’s fifth issue.

C.  
 Appellant Has Not Demonstrated Ineffective Assistance
Of Trial Counsel      

By
his seventh issue, appellant argues his trial counsel rendered ineffective
assistance because he failed to object to the admission of the chat transcripts
into evidence.[2] 
Both the United States and Texas Constitutions guarantee an accused the right
to assistance of counsel. U.S. Const.
amend. VI; Tex. Const. art. I, §
10; Tex. Code  Crim. Proc. Ann. art.
1.051 (West 2010).  This right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  

To
prove ineffective assistance, a defendant must show, (1) by a preponderance of
the evidence, that counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment, and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of
the proceedings would have been different.  Strickland, 466 U.S. at 687–96;
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The
defendant must overcome the strong presumption that the challenged action might
have been sound trial strategy.  Thompson, 9 S.W.3d at 813.  We will not
speculate to find trial counsel ineffective when the record is silent as to
counsel's reasoning or strategy.  Godoy v. State, 122 S.W.3d 315, 322
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).

When,
as in this case, there is no proper evidentiary record
developed at a hearing on a motion for new trial, it is extremely difficult to
show that trial counsel's performance was deficient.  See Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Aldaba v. State, No.
14-08-00417-CR, 2009 WL 1057687, at *5 (Tex. App.—Houston [14th Dist.]  April
16, 2009, pet. ref’d).  If there is no hearing or if counsel does not appear at
the hearing, an affidavit from trial counsel becomes almost vital to the
success of an ineffective-assistance claim.  Stults v. State, 23 S.W.3d
198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The Texas Court
of Criminal Appeals has stated that it should be a rare case in which an
appellate court finds ineffective assistance on a record
that is silent as to counsel’s trial strategy.  See Andrews v. State,
159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  On a silent record,
this court can find ineffective assistance
of counsel only if the challenged conduct was so
outrageous that no competent attorney would have engaged in it.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant’s
ineffective-assistance claim fails because he has not met his burden under
either step of Strickland.  There is no evidence in the record that
trial counsel’s decision to not object to the admission of the chat transcripts
under Rule 403 was not an exercise of reasonable trial strategy.  Each time one
of the five chat transcripts was offered in evidence, appellant’s trial counsel
specifically stated he had no objection, as opposed to remaining silent while
the transcripts were offered and admitted in evidence.  The first two times
chat transcripts were offered (State’s Exhibits 12 and 13), appellant’s trial
counsel expressed he was not objecting because the transcripts were on
appellant’s computer which had already been admitted into evidence.  The record
reflects that, prior to the admission of appellant’s computer tower in
evidence, appellant’s trial counsel made an unsuccessful Rule 404(b) objection
to the admission of the computer tower.  In his redirect
examination of appellant, trial counsel asked appellant about the chat
transcripts and elicited testimony from appellant to the effect that Jesus was
the person using the screen name “Crystalblast” and that the chat transcripts
belonged to Jesus.  

Trial
counsel may have reasoned that an objection to the chat transcripts was likely
to be unsuccessful, could prejudice jurors by giving the impression the defense
was attempting to conceal evidence, and that it was consistent with his
defensive theory to not object and argue the chat transcripts belonged to
Jesus.  Because the record is silent as to counsel’s strategy, appellant has
not met his burden to show ineffective assistance under the first prong of Strickland.
 See Goodspeed, 187 S.W.3d at 393–94 (discussing various reasons defense
counsel may have chosen to not ask any questions during voir dire).  In
addition, appellant has not demonstrated that but for counsel’s alleged errors,
there is a reasonable probability the outcome of the proceedings would have
been different.  See Thompson, 9 S.W.3d at 813–14.  Appellant’s seventh
issue on appeal is overruled.       

V.    Conclusion

            We
affirm the trial court’s judgment.

 

                                                                                                                                                 

                                                                                         Gregory T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


30th day of August,
2011. 

 









[1]  In the chat transcripts,
Crystalblast said he was a student at “UTB,” he worked at Convergys, he bought
his Vaio (a brand of computer) on Ebay, and indicated he drove a Firebird.  The
record shows and appellant conceded, all of these things were true of appellant
at the relevant times.  In at least one instance within the chat transcripts,
Crystalblast answered his name was “Adrian.” 

  





[2] 
At oral argument, appellant
added that trial counsel was ineffective for failure to object to the admission
of the photographs of appellant under Rule 403.  See Tex. R. Evid. 403.  An appellant may
not rely on new arguments at oral argument that were not raised in the written
appellate brief.  See Tex. R. App. P. 39.2; Moore v. State,
165 S.W.3d 118, 122 n.1 (Tex. App.—Fort Worth 2005, no pet.).  Therefore, we
consider only appellant’s ineffective-assistance argument that was presented in
his appellate brief.